(12 Misc. Rep. 619.)

PEOPLE ex rel. LOVETT v. RANDALL.

(Supreme Court, Special Term, Orange County. June, 1895.)

OFFICE AND OFFICER—VACANCY—HOLDING OVER.

 The public officers law (section 5) provides that, in case a public officer holds over after the expiration of his term because no successor is chosen, "the office shall be deemed vacant for the purpose of choosing his successor." The town law (section 13) provides that, if there shall be any vacancies in town offices "at the time of holding its [the] annual town meeting, persons shall then be chosen to fill such vacancies, who shall hold their offices for the residue of the unexpired term for which they are respectively elected." *Held,* that the statutes do not refer only to actual vacancies; and therefore, where an election for commissioner of highways, the term of which is two years, failed because of a tie vote, and the incumbent held over, there is a vacancy which may be filled at the next annual election.

Proceeding by Elihu Lovett against William A. Randall to establish relator's right to the office of commissioner of highways in the town of Warwick, Orange county. Judgment for relator.

Theodore E. Hancock, Atty. Gen., and M. H. Hirschberg, for relator.

M. N. Kane, for defendant.

GAYNOR, J. This town has only one commissioner of highways. The defendant was elected to that office at the town meeting in March, 1893, the term of office being then one year. Thereafter, in the same year, the legislature changed the term for the future to two years. Laws 1893, c. 344. At the next town meeting (viz. in 1894) the defendant and the plaintiff ran for the office. The result was no election, the vote being a tie. In that situation the defendant held over, in accordance with the terms of the town law applicable to the office and the case, viz.: "All such officers, except justices of the peace, shall hold their respective offices until others are elected in their places and have qualified." Section 12, as amended in 1893. The similar general provision of the Public Officers Law, § 5, also enabled him to hold over. This latter statute also provides that in case of such holding over by a public officer after the expiration of his term "the office shall be deemed vacant for the purpose of choosing his successor." Section 5. The town law requires that "if there shall be any vacancies" in several offices named, including commissioners of highways, "at the time of holding its [the] annual town meeting, persons shall then be chosen to fill such vacancies,

who shall hold their offices for the residue of the unexpired term for which they are respectively elected." Section 13. There is no room for the contention that this has reference only to actual physical vacancies, or the vacancies recognized and defined by the statute (Public Officers Law, § 20); for, though there is no actual or legal vacancy in the case of holding over, the statute provides in such a case, as we have seen, that the office shall be "deemed vacant," for the purpose of choosing a successor to the holdover, which, of course, means a successor to his expired term,—a person to succeed him and his expired term. The electors, therefore, had the right to elect some one to the office in question at the town meeting of 1895, the same as though it were actually vacant, and, having elected the plaintiff, he is entitled to the office.

Section 4 of the election law has nothing to do with the case. It relates only to general elections. Nor, in view of the statutory provision that the office, in the case of a holdover, shall be deemed vacant, for the purpose of filling it, have decided cases, in respect of what is or is not a vacancy, any present application.

Judgment for plaintiff, with costs.