THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIHU LOVETT, Respondent, *v.* WILLIAM A. RANDALL, Appellant.

*Town — highway commissioner — effect of chapter 344 of 1893 upon the length of the term — the statute is not self-executing — effect under the Public Officers Law of an officer holding over — successor to a highway commissioner when chosen — Laws 1890, chap. 569, § 17; 1893, chap. 344, §§ 12, 17; 1892, chap. 681, § 5.*

In an action brought to determine the title to the office of highway commissioner of the town of Warwick, it appeared that at a town meeting, held in March, 1893, the defendant was elected such commissioner for one year; that at a town meeting held March, 1894, he was a candidate, having the relator for his opponent; that the result of the balloting was a tie; that the defendant held over, and at a town meeting held in March, 1895, the relator was duly elected to the office.

*Held,* that the relator was entitled to the office;

That chapter 344 of the Laws of 1893 (passed April 11, 1893), amendatory of section 17 of chapter 569 of the Laws of 1890, the Town Law, making the term of a highway commissioner in towns having but one such commissioner two years, had no application to the defendant's tenure of office.

*Semble,* that the statute did not execute itself, but contemplated a decision by the town whether it should have one or three commissioners of highways, and no action in this regard having been taken by the electors of the town the term of office had not been thereby extended to two years;

That the term of the defendant expired in one year (in March, 1894), and that as there was a failure to elect his successor, the defendant held over under the Public Officers Law, being section 5 of chapter 681 of the Laws of 1892, until his successor, the relator, was duly chosen and had duly qualified;

That such successor must be chosen at the time of holding an annual town meeting, and, if chosen to fill a vacancy, would hold office for the rest of the unexpired term.

APPEAL by the defendant, William A. Randall, from a judgment of the Supreme Court in favor of the relator, entered in the office of the clerk of the county of Orange on the 27th day of June, 1895, upon the decision of the court rendered after a trial at the Orange Circuit before the court without a jury.

*M. N. Kane,* for the appellant.

*M. H. Hirschberg,* for the respondent.

DYKMAN, J. :

This is an action to determine the title to the office of commissioner of highways of the town of Warwick in Orange county.

Both parties claim the office under the following facts, which are undisputed:

The town of Warwick has had but one commissioner of highways since 1857. At the town meeting held in the month of March, 1893, the appellant, William A. Randall, was elected commissioner of highways for one year.

At the expiration of his term he was a candidate for re-election, his opponent being the relator, Elihu Lovett. At that election, held in the month of March, 1894, no choice was made, the election resulting in a tie, and by reason of the failure to elect his successor Randall held over, and continued to discharge the duties of the office as permitted by the Public Officers Law (Chap. 681 of the Laws of 1892, § 5).

At the next town meeting held in the month of March, 1895, Lovett, the relator, was again regularly placed in nomination for the office and no one was nominated against him. He was elected and accepted the office in writing, and qualified and gave the proper bond, and entered upon the discharge of the duties of his office.

The theory of the defendant is that chapter 344 of the Laws of 1893 (passed April 11, 1893), amending section 17 of chapter 569 of the Laws of 1890, operated to extend the term of office of the commissioner of highways of the said town from one year to two years, and that upon the failure of the electors of such town to elect his successor he could hold over for the full term of two years, and that his term was not abridged by the election of the relator.

Section 17 is as follows: "Commissioners of highways.—The electors of each town may, at their annual town meetings, determine by resolution whether there shall be elected in their town one or three commissioners of highways. If only one shall be determined upon, and it shall be a town having but one commissioner of highways, one commissioner only shall thereafter be elected at each alternate annual town meeting, who shall hold his office for two years."

The electors of the town of Warwick failed to determine by resolution whether there should be elected one or three commissioners of highways in that town after the passage of that statute until March, 1895, and it is, therefore, very doubtful whether the term

of that office has been extended to two years. The statute did not execute itself. It required action on the part of the electors of the town, and that essential prerequisite never received compliance. As we have said, the defendant was elected commissioner of highways in March, 1893, for one year. The statute of 1893 did not become a law until April, 1893, and did not extend his term or affect his tenure in any way. According to this view his term expired in March, 1894, and as there was a failure to elect his successor he held over under section 5 of the Public Officers Law, until his successor was duly chosen and qualified, in March, 1895.

There is another view which conducts us to the same result.

Prior to the enactment of the Public Officers Law in 1892 (Chap. 681) an office was not deemed vacant while there was a person authorized to perform its functions, and was acting in it. Even now there is no physical vacancy, as by section 5, already mentioned, every officer, with the exception of those therein named, holds over and continues to discharge the duties of his office after the expiration of the term for which he shall have been chosen until his successor shall be chosen and qualified; after the expiration of such term, the office is deemed vacant for the purpose of choosing his successor. Such successor must be chosen at the time of holding an annual town meeting, and the persons chosen to fill such vacancies hold their offices for the residue of the unexpired term for which they are elected. (§ 12 of chap. 569 of the Laws of 1890, as amended by chap. 344 of the Laws of 1893.)

The statute is plain and easily understood, and readily applied to this case. The defendant, having regularly entered upon the duties of his office, held over and continued to discharge the same until March, 1895, because no person was elected to succeed him. Then the office was deemed vacant for the purpose of choosing his successor, and the relator was duly elected and qualified and so became entitled to the office.

The judgment should be affirmed, with costs.

PRATT, J., concurred; BROWN, P. J., not voting.