(88 App. Div. 239.)

### PEOPLE ex rel. HYDE et al. v. POTTER, Town Clerk.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. SUPERVISORS—SPECIAL ELECTION—STATUTES—REPEAL.

Laws 1890, p. 467, c. 252, providing for a special town meeting to fill vacancies in the office of supervisor, amended Rev. St. c. 11, art. 3, § 34, relative to vacancies in town offices, and it was enacted at the same session of the Legislature which enacted the "Town Law" (Laws 1890, p. 467, c. 569). The schedule of laws repealed by the town law included section 34, and Town Law, § 240 (Laws 1890, p. 1243, c. 569), provided that the repeal enumerated in the schedule should include all laws amendatory of the laws repealed. *Held*, that the town laws repealed Laws 1890, p. 467, c. 252, providing for the special election.

2. SAME—STATUTORY CONSTRUCTION LAWS.

Statutory Construction Law (Laws 1892, p. 1492, c. 667), § 33, providing that an amendatory law passed at the same session at which any chapter of the revision of the general laws was enacted shall not be deemed repealed unless specifically designated in the repealing schedule, does not apply to repeals before the taking effect of the act.

3. MANDAMUS—CONSTITUTIONALITY OF STATUTE.

On mandamus to compel a town clerk to call a special election as provided for by Laws 1890, p. 467, c. 252, no question as to whether the town law (Laws 1890, p. 1211, c. 569, repealing chapter 252, as amended by Laws 1897, p. 610, c. 481), providing for the filling of a vacancy by appointment, was unconstitutional, was before the court for determination.

Appeal from Special Term, St. Lawrence County.

Mandamus by the people, on the relation of Judson L. Hyde and others, as qualified voters and taxpayers of the town of Massena, N. Y., to compel Herbert J. Potter, as town clerk, to call a special meeting for the purpose of electing a person to fill a vacancy on the board of supervisors. From an order denying the motion for a peremptory writ (82 N. Y. Supp. 649), relators appeal. Affirmed.

At the biennial town meeting of the town of Massena held on the 10th day of February, 1903, one Samuel S. Danforth was duly elected supervisor, but failed to qualify as such. On the 24th day of February thereafter upwards of 25 legal voters of that town filed a petition with the respondent, who was the town clerk, demanding that he call a special town meeting for the purpose of electing a person to fill the vacancy in such office. He refused to comply with the demand. The relators then applied to the Special Term for a peremptory writ of mandamus to compel him to call such meeting. In answer to such application the respondent filed an affidavit showing that at a meeting of the town board held on the 13th day of March, 1903, for the purpose of filling the vacancy in the office of supervisor caused by the failure of Danforth to qualify, one John C. Crapser was appointed to fill such vacancy, and that he had qualified by filing his oath of office and the undertaking required by law. From an order denying the application for such peremptory writ the relators appeal.

Argued before PARKER, P. J., and SMITH, CHESTER, and CHASE, JJ.

Barney S. O'Neill and Ledyard P. Hale, for appellants.

John C. Crapser, for respondent.

CHESTER, J. It seems to me clear that Laws 1890, p. 467, c. 252, under which the relators claim that the vacancy in the office of supervisor should be filled at a special town meeting, has been repealed. That chapter amended section 34 of article 3 of title 3 of chapter 11 of part 1 of the Revised Statutes, entitled "Of Vacancies in Town Offices and the Mode of Supplying Them," and provided for a special town meeting to be called by the town clerk on the petition of not less than 25 legal voters of the town to fill vacancies in the office of supervisor and other town offices. It was passed May 1, 1890, and at the same session of the Legislature which thereafter passed that part of the revision of the general laws known as the "Town Law" (Laws 1890, p. 467, c. 569). In the schedule of laws repealed, annexed to the town law, all of title 3, c. 11, pt. 1, of the Revised Statutes, is specified. This included, therefore, among the laws repealed, said section 34, which had been amended by said chapter 252. It is true that such chapter 252 is not mentioned in the schedule of laws repealed, nor was that essential to effect its repeal, in view of the fact that section 240 of the town law (Laws 1890, p. 1243, c. 569) provides that "such repeal [i. e., of the laws enumerated in the schedule] * * * shall include all laws amendatory of the laws hereby repealed." But it is urged that the construction required by section 33 of the statutory construction law (Laws 1892, p. 1492, c. 677) saves such chapter 252 from repeal. While that section provides that an amendatory law passed at the same session of the Legislature at which any chapter of the revision of the general laws was enacted "shall not be deemed repealed unless specifically designated in the repealing schedule of such chapter," yet the statutory construction law was not enacted until two years after the town law, and, if I am correct in my conclusion that there was an express repeal of such chapter 252 by the town law, the passage, two years later, of the statutory construction law, could not have the effect of giving life to the repealed statute. The town law (Laws 1890, p. 1211, c. 569, as amended by Laws 1897, p. 610, c. 481) now provides in section 65 that, "when a vacancy shall occur or exist in any town office, the town board, or a majority of them, may, by an instrument under their hands and seals, appoint a suitable person to fill the vacancy, and the person appointed, except justices of the peace, shall hold the office until the next biennial town meeting." It was under the authority of this provision that the respondent re¬ fused to call a special town meeting, and that the town board made an appointment to fill the vacancy. The relators insist, however, that this provision is unconstitutional, as it assumes to authorize the appointment in this case of a supervisor for practically the full term of two years, and thus deprives the electors, for that period, of their right to choose such officer by election, contrary to the provisions of article 3, § 26, and article 10, § 5, of the Constitution. But the only question now presented for determination is as to the right to compel

the town clerk to call a special town meeting, and we are not now concerned with the constitutional question as to the term of office of the person appointed by the town board to fill the vacancy. That must wait until a question arises requiring its decision.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.