(49 Misc. Rep. 567.)

### In re SMITH.

(Supreme Court, Special Term, Onondaga County. February, 1906.)

1. TOWNS—SUPERVISORS—HOLDING OVER—APPOINTMENT.

Where a candidate receiving the majority of the votes cast at an election for a supervisor of a town is ineligible, and the former supervisor holds over, the office is vacant for the purpose of choosing a successor, and on meeting by the town board to fill the vacancy, under Laws 1890, c. 569, as amended by Laws 1893, p. 789, c. 387, § 234, the supervisor holding over has no voice in the action of the town board in making such appointment.

2. OFFICERS—RIGHTS TO OFFICE.

Where a supervisor brings, under Code Civ. Proc. § 2471a, a proceeding to obtain possession of the books and papers pertaining to the office, where the facts are undisputed, the rights of the parties to the office can be determined.

Application of Ambrose E. Smith for an order directing Sidney H. Cook to show cause why he could not deliver certain papers to the applicant, supervisor of the town of Camillus. Order granted.

George H. Bond, for the motion.
Thomas Woods, opposed.

SCRIPTURE, J. This is an application made on behalf of Ambrose E. Smith, under section 2471a of the Code of Civil Procedure, to obtain

possession of the books and papers pertaining to the office of supervisor of the town of Camillus. The facts, as appears by the papers, are as follows: On November 7, 1905, Sidney H. Cook was the Democratic candidate for the office of supervisor of the town of Camillus, and Ambrose E. Smith, the moving party herein, was the Republican candidate for such office. At said time Sidney H. Cook was the acting supervisor of the town of Camillus, having been elected to said office on November 7, 1903, having qualified and entered upon the duties of his office on January 1, 1904. The names of both Cook and Smith appeared on the respective ballots of their respective parties, and were each voted for by the electors of the town. Thereafter, and on December 1, 1905, the board of county canvassers of Onondaga county issued to said Smith a certificate of election, it appearing by a recanvass of the vote that Smith had received a majority of 17 votes over his opponent, Cook. Said Smith did not attempt to qualify for the office of supervisor under his certificate of election. At the time of the election of Smith to the office of supervisor, he was ineligible to hold the office of supervisor, being a trustee of school district No. 9 of the town of Camillus. Qualification of town officers (Town Law, Laws 1890, p. 1219, c. 569, § 50) interpreted. People v. Purdy, 154 N. Y. 439, 48 N. E. 821, 61 Am. St. Rep. 624. Smith had resigned as school trustee before he applied for appointment as supervisor. Cook continued in office as supervisor of the town of Camillus and as a member of the town board, performing all the functions of his office, and voted with the town board on all matters coming before said town board. On the 1st day of January, 1906, the town board consisted of the following members: Sidney H. Cook, supervisor; Earl E. Ellis, town clerk; Edwin Sebring, justice of the peace; Henry M. LeRoy, justice of the peace; Denton E. Bingham, justice of the peace; and Alonson Goodfellow, justice of the peace. On or about January 6, 1906, at a meeting of the town board of the town of Camillus, Sebring, LeRoy, and Goodfellow, justices of the peace of said town, attempted to appoint said Smith to the office of supervisor of the town of Camillus, claiming a vacancy in said office. Thereafter, and on or about January 6, 1906, Smith filed his written conditional resignation from said office, which is as follows:

"To the Honorable Town Board of Camillus: I hereby resign, give up, and surrender all right and title to the office of supervisor of the town of Camillus, unless my election to the office has been decided null and void by some authorized court, in which case I have nothing to resign.

               "Ambrose E. Smith.

"Camillus, N. Y., January 6, 1906.".

Thereafter, and on or about January 18, 1906, said justices again attempted to appoint Smith.

"Proceedings of the Town Board.

            "Camillus, N. Y., February 3rd, 1906.

"Special meeting of the town board held at the office of the town clerk in the town hall at 11 o'clock, A. M., a copy of which call is hereby attached.

" 'Notice is hereby given that there will be a special meeting of the town board of the town of Camillus in the town clerk's office at the town hall in said town, on Saturday, February 3, 1906, at 11 o'clock, A. M., for the

purpose of transacting any and all business the subject-matter of which is within the jurisdiction of said board.

"'Dated Camillus, N. Y., this 27th day of January, 1906.

"'Earl E. Ellis, Town Clerk.'

"The board met pursuant to above call. Board was called to order by the supervisor, Sidney H. Cook, those being present were as follows: Sidney H. Cook, supervisor; Earl E. Ellis, town clerk; Erwin Sebring, justice of the peace; Henry M. LeRoy, justice of the peace; Denton E. Bingham, justice of the peace; Alonson Goodfellow, justice of the peace.

"Mr. Sebring offered the following resolution: Resolved, that this board now consider the question of a vacancy in the office of supervisor of the town of Camillus, and fill such vacancy, if any, and to consider the approval of the undertaking of the person appointed to fill such vacancy' The roll was called, and the following-named persons voted 'Yes': Cook, Sebring, LeRoy, Bingham, Goodfellow, Ellis; total, six. Chair declared the motion carried.

"Mr. LeRoy offered the following resolution: 'Resolved, that Ambrose E. Smith be appointed supervisor for the town of Camillus, to fill the vacancy caused by the expiration of the term of Sidney H. Cook, to serve until the next biennial town meeting, and thereafter until a successor shall have been chosen and qualified in his place; and further that the name of each member of the town board be called, and his vote recorded by the clerk.' Mr. Bingham then moved that the name of James O. Bennett be placed in nomination to fill the vacancy, if any existed in the office of supervisor. Motion was then made that we proceed to ballot upon the names of the two candidates thus placed in nomination. Carried unanimously. Clerk proceeded to call the roll. When the name of Sidney H. Cook was called, the following objection was made by Mr. Sebring: 'Objection is made to Sidney H. Cook voting upon the resolution to appoint a successor to him to fill the vacancy in the office of supervisor of this town, upon the ground that for the purpose of choosing a successor to him the office of supervisor is deemed vacant, and therefore he has no power to vote on this question.' Objection was overruled, and the clerk proceeded to call the roll, with the following result: Sidney H. Cook voted for James O. Bennett; Bingham voted for James O. Bennett; Ellis voted for James O. Bennett; Sebring voted for Ambrose E. Smith; Goodfellow voted for Ambrose E. Smith. At the close of the ballot objection was renewed to the result on account of Mr. Cook's having voted, for the same reason as heretofore given. The chair announced that the result of the ballot was three votes for James O. Bennett and three votes for Ambrose E. Smith, there being no choice. Motion made by Mr. Sebring that a recess of ten minutes be taken. Carried unanimously. At the expiration of ten minutes, the board was again called to order by Mr. Cook, and the following named papers were handed to the clerk for filing in the town clerk's office: An oath of office, signed by Ambrose E. Smith for supervisor, and a bond executed by Mr. Smith as principal, with John S. Munroe and Ida Smith as sureties.

"Mr. Sebring offered the following resolution: 'Resolved that the bond of Ambrose E. Smith, as supervisor, heretofore submitted to this board for approval, be, and the same is hereby, approved as to its form and manner of execution and the sufficiency of the sureties therein. And be it further resolved that a certified copy of this resolution be attached to said bond by the consent of this board.' Clerk commenced the roll call, and when the name of Sidney H. Cook was called objection was made to the vote of Sidney H. Cook for the purpose to approve of the bond of his successor on the ground he is no longer supervisor, and that the office of supervisor is deemed vacant for the purpose of approving the bond of Mr. Cook's successor; therefore he has no power to vote. Objection overruled; clerk continued the roll call, which was as follows: For the resolution, Sebring, LeRoy, Goodfellow; total, three. Against the resolution, Cook, Bingham, Ellis; total, three. Before the declaring of the result, objection was again made to the declaration of the result, for reasons heretofore given to Mr. Cook voting. Chair decided the resolution lost. A recess of three minutes was then taken

during which time the bond of Mr. Smith was signed and approved by Messrs. Sebring, LeRoy, and Goodfellow. Board again called to order by the chairman. Objection was again made to Mr. Cook voting on any proposition. Motion made and carried that the clerk furnish a certified copy of these minutes to Mr. Cook and to Mr Smith. The minutes were read and approved, and upon motion the board adjourned.          Earl E. Ellis, Town Clerk."

In a statutory proceeding of this kind to enforce the delivery of books and papers, the title to an office cannot be regularly tried or decided; but the present case falls within the exception noted in Matter of Sells, 15 App. Div. 571, 44 N. Y. Supp. 570, and, as the facts are undisputed, the rights of the parties can properly be determined, as was done in Matter of Brenner, 170 N. Y. 185, 193, 63 N. E. 133.

It will be useful, in the consideration of the question before us, to examine all the statutes relating to the power of the town board as to appointments, and the effect of the public officers law as to the rights of an officer holding over. When a vacancy exists in the office of supervisor, the filling of the same is vested in the town board. Town Law, Laws 1890, c. 569, § 234, added by chapter 387, p. 789, Laws 1893, expressly provides that, in case any town officer shall fail to file the oath of office and bond within the time required by law, "a vacancy shall thereupon be created, which shall be filled by appointment in the manner prescribed by this article"; and section 232, as amended by the same law (chapter 387, p. 788, of the Laws of 1893, and section 65, as amended by chapter 481, p. 618, of the Laws of 1897), provide that any vacancy in a town office may be filled by appointment. The town law provides as follows:

"Sec. 84. Delivery of books and papers by outgoing officer to his successor.— Whenever the term of office of any supervisor, town clerk, commissioner of highways or overseer of the poor shall expire, or when either of such officers shall resign, and another person shall be elected or appointed to the office, the successor person shall be elected or appointed to the office, the succeeding officer shall, immediately after he shall have entered on the duties of his office, demand of his predecessor all the records, books and papers under his control belonging to such office. Every person so going out of office, whenever so required, shall deliver upon oath to his successor all the records, books, and papers in his possession or under his control belonging to the office held by him, which oath may be administered by the officer to whom such delivery shall be made, and shall, at the same time pay over to his successor the moneys belonging to the town remaining in his hands, * * * [provides a penalty, etc.], and officers entitled to demand such records * * * may compel the delivery thereof in the manner prescribed by law." Laws 1890, p. 1223, c. 569.

The manner "prescribed by law" is provided by section 2471a, above, which is substantially the same as the former provisions of the Revised Statutes upon the subject. 1 Rev. St. (1st Ed.) p. 125, pt. 1, c. 5, tit. 6, § 51.

In Adee v. Arnow, 91 Hun, 331, 36 N. Y. Supp. 1020, the court says: "In the Constitution of the towns of this state many old things have passed away." By a recent statute of the state the governing board of a town is the town board. Laws of 1892, p. 1732, c. 685, § 1. And the supervisor, town clerk, and the justices of the peace, or any two of such justices, constitute the town board of each town. Laws 1890, p. 1233, c. 569, § 160, etc.

"Sec. 65 [p. 1222.] Filling of vacancies.—When a vacancy shall occur or exist in any town office, the town board or a majority of them may, by an instrument under their hands and seals, appoint a suitable person to fill the vacancy, and the person appointed, except justices of the peace, shall hold the office until the next biennial town meeting, etc."

From the above it will be observed that the town board is composed of six members, and that the supervisor, town clerk, and two justices of the peace, making four in number, may act, or the four justices may act.

It is provided, however, by section 64 of the town law:

"Any three justices of the peace of a town may, for sufficient cause shown to them accept the resignation of any town officer of their town," etc.

Section 5, c. 681, p. 1657, Laws of 1892 (Public Officers Law), provides:

"Sec. 5. Holding over after expiration of term.—Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the Constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified: but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such term. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the time only."

In the Matter of Bradley, 141 N. Y. 527, 530, 36 N. E. 598, 599, Gray, J., writing for the court, says:

"All the petitioner was required to establish was the fact of his election, as evidenced by the proper certificate, and that he had duly qualified. The incumbent of the office, whose term had expired, cannot go into questions underlying the petitioner's election, and which he may allege as invalidating it. For such purpose, the proceeding must be direct. The objection that the petitioner has not qualified is untenable. It is conceded that he had taken and filed his oath of office; but his predecessor in office claims, under his construction of the statutes, that it was necessary that the undertaking of the supervisor elect should be approved at the meeting of the town board at which he was present, or of which he had notice. He argues that he remained a member of the board until the undertaking of his successor was approved. We cannot so read the provisions of chapter 569, p. 1211, Laws 1890."

In People ex rel. Lovett v. Randall, 151 N. Y. 497, 501, 45 N. E. 841, 842, O'Brien, J., writing the opinion of the court, says:

"(3) But by section 5 of article 1 of the Public Officers Law (chapter 681, p. 1657, Laws 1892), while the defendant was expressly authorized to hold over and continue to discharge the duties of the office until his successor was chosen, it was also provided that, after the expiration of the term, the office should be deemed vacant for the purpose of choosing his successor; so that whether the term was one or two years, the office was vacant in March, 1895, for all the purposes of an election, and it was competent for the electors to vote for and elect the relator to the office as they did. The term for which the defendant had been elected had expired, and though he was still in lawful possession of the office, holding over, the statute contemplates the right on the part of the electors to make the choice of his successor. In every light in which the case is examined it will be seen, therefore, that there was power to elect a commissioner at the annual town meeting in 1895. That the re-

lator was in fact elected to the office at that time is not disputed, and the defendant's right to hold over any longer ceased."

The foregoing statutes and decision thoroughly establish that the town board of the town of Camillus on February 3, 1906, were vested with power and authority to appoint a supervisor. On February 3d at a meeting of the town board, duly called, all members being present, it was resolved to consider the question of a vacancy in the office of supervisor, and the approval of the undertaking of the person appointed to fill such vacancy; all members voting for the resolution. Ambrose E. Smith and James O. Bennett were nominated to fill the vacancy, if any existed in said office. Motion was then made to proceed to ballot upon the two names presented, which was carried unanimously. The clerk proceeded to call the roll. When the same of Sidney H. Cook was called, the following objection was made by Mr. Sebring:

"Objection is made to Sidney H. Cook voting upon the resolution to appoint a successor to him to fill the vacancy in the office of supervisor of this town, upon the ground that, for the purpose of choosing a successor to him, the office of supervisor is deemed vacant, and therefore he has no power to vote on this question."

The objection was overruled by Mr. Cook, and Messrs. Cook, Ellis, and Bingham vited for James O. Bennett. Messrs. Sebring, Le Roy, and Goodfellow voted for Ambrose E. Smith. At the close of the ballot, objection was renewed to the result of the ballot, on account of Mr. Cook having voted, for the same reason as heretofore given. The chair announced that the result of the ballot was three votes for James O. Bennett and three votes for Ambrose E. Smith, there being no choice. A recess of 10 minutes was taken, and at the expiration of 10 minutes the board was called to order, and the following papers were handed to and filed in the town clerk's office:

"An oath of office, signed by Ambrose E. Smith for supervisor, and a bond executed by Mr. Smith as principal, with John S. Munro and Ida Smith as sureties. A resolution was then offered, approving of said bond, and Messrs. Sebring, LeRoy, and Goodfellow voted for the same, and Messrs. Cook, Bingham, and Ellis against the resolution; Cook voting under objection. The chair decided the resolution lost. Ambrose E. Smith was duly appointed by an instrument in writing by the town board or a majority of them to fill the vacancy existing in the office of supervisor of the town of Camillus, under the hands and seals of Justices Edwin Sebring, Henry M. Le Roy, and Alonson Goodfellow, being a majority of the town board of the town of Camillus. The appointment of Smith was made on February 3, 1906, and was duly filed in the office of the town clerk on that day. Ambrose E. Smith is and has been since February 3, 1906, the supervisor of the town of Camillus. As such supervisor, he is entitled to the relief demanded upon the order to show cause herein."

It was urged upon the argument of this motion, in behalf of Mr. Cook, that the title of the office could not be tried in this proceeding; that Smith should bring his action and test the title. There is no dispute with reference to the facts, and, there being no question as to the validity of the statutes under which the town board made the appointment, the applicant should not be compelled to resort to an action. Under the decision referred to, Mr. Cook was not a member of the town board. He had no vote on the question of vacancy or the appointment

of his successor. On February 3, 1906, at the meeting for the purpose of choosing his successor, the office of supervisor was vacant, under section 5 of the public officers law. Such being the case, the three justices who made the appointment were a majority of the town board. The same question has been decided in this department, in the matter of the application of J. Jefferson Ellis, supervisor of the town of Western, to compel James R. Waldo to deliver to him records, etc., appertaining to the office of supervisor of said town. Matter of Ellis, 93 App. Div. 605, 87 N. Y. Supp. 1133. In the Ellis Case no opinion was written at Special Term. The Appellate Division affirmed the order, all concurring. In the Ellis Case, at the election, the vote was a tie. Ellis was appointed, and demanded the books and papers. Dillenbeck refused to surrender, and claimed he was supervisor, holding over; that the town board was composed of six members, including himself. The appointment of Ellis was made by two justices and the town clerk.

Prepare an order pursuant to section 2471a.

Order accordingly.