In re SMITH.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

1. OFFICERS—CUSTODY OF BOOKS AND PAPERS—PROOF OF RIGHT.

A public officer, producing a certificate of election or appointment from the proper officer, with proof that he has qualified, is entitled to books and papers pertaining to his office, under Code Civ. Proc. § 2471a, authorizing proceedings to compel delivery of books and papers to public officers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Officers, § 125.]

2. SAME—TENURE—OFFICER HOLDING OVER—RIGHT TO VOTE ON SUCCESSOR.

Under Public Officers Law, Laws 1892, p. 1657, c. 681, providing that certain officers shall hold over until their successors are chosen and qualified, but making the office vacant at the expiration of their term for the purpose of choosing their successors, a supervisor of a town had no right to vote upon a resolution of the town board to appoint his successor.

3. QUO WARRANTO—GROUNDS—SCOPE OF REMEDY.

Quo warranto was not a proper remedy to enforce delivery of books and papers from a public officer whose successor had been chosen and qualified.

Kruse, J., dissenting.

Appeal from Special Term, Onondaga County.

Application by Ambrose E. Smith for an order directing Sidney H. Cook to deliver certain books and papers to applicant, his successor in office. From an order (100 N. Y. Supp. 179) granting the application, Cook appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Thomas Woods, for appellant.
Geo. H. Bond, for respondent.

NASH, J. This is an appeal from an order of the Special Term directing the appellant, Sidney H. Cook, to deliver to the respondent, Ambrose E. Smith, all the books and papers appertaining and belonging to the office of supervisor of the town of Camillus, in Onondaga County. The proceeding was instituted under section 2471a of the Code of Civil Procedure.

The facts are undisputed: Sidney H. Cook was elected supervisor of the town of Camillus, Onondaga county, N. Y., in November, 1903, for the years 1904 and 1905. His term of office was two years, beginning January 1, 1904, and ending December 31, 1905. At the election in the town of Camillus in November, 1905, Cook and Smith were opposing candidates for the office of supervisor, and Smith was elected; he having received a majority of seventeen votes. Thereafter a certificate of election was issued to Smith. He failed to qualify as supervisor, being, at the time of his election and at the time the certificate of election was issued to him, ineligible to hold office by reason of being trustee of school district No. 9 of the town of Camillus. Cook continued in the office of supervisor of the town of Camillus, and as a member of the town board performed all the functions of his office, and voted with the town board on all matters coming before said town board. On February 3, 1906, a meeting of the town board of the town of Camillus was held at which there

were present Cook, supervisor, Ellis, town clerk, and Sebring, Le Roy, Bingham, and Goodfellow, justices of the peace. The following proceedings were had:

Mr. Sebring offered the following resolution:

"Resolved, that this board now consider the question of a vacancy in the office of supervisor of the tow of Camillus, and fill such vacancy, if any, and to consider the approval of the 'undertaking of the person appointed to fill said vacancy."

The roll was called, and the following named persons voted "Yes": Cook, Sebring, Bingham, Le Roy, Goodfellow, Ellis; total, 6. Chair declared the motion carried. Ambrose E. Smith and James O. Bennett were each placed in nomination for the office of supervisor to fill the vacancy. Objection was made to Mr. Cook's voting, upon the ground that for the purpose of choosing his successor the office was deemed vacant, and he had no power to vote upon the question. The objection was overruled, and upon a roll call Cook, Ellis, and Bingham voted for Bennett, and Sebring, Le Roy, and Goodfellow voted for Smith. The chair announced that each candidate received three votes and there was no choice. A recess was then taken, and, upon the board being called again to order, an oath of office signed by Mr. Smith as supervisor, and a bond, executed by Mr. Smith as principal, with two sureties, were handed to the clerk for filing in the town clerk's office. Mr. Sebring, a justice of the peace, offered a resolution that the bond of Mr. Smith as supervisor be approved. Upon a roll call objection was made to Mr. Cook voting upon the resolution. The objection was overruled, and roll call resulted as follows: For the resolution, Sebring, Le Roy, and Goodfellow; against, Cook, Bingham, and Ellis. The chair decided the resolution lost. Before the result was declared, objection thereto was made for the reasons heretofore given to Mr. Cook voting. During a recess the bond of Mr. Smith was signed as approved by Messrs. Sebring, Le Roy, and Goodfellow. Thereafter Smith demanded the books and papers of the office of Cook, and upon his refusal to deliver the same to Smith this proceeding was brought.

Section 84 of the town law (chapter 569, p. 1223, Laws of 1890) provides that, whenever the term of office of a supervisor shall expire and another person shall be elected or appointed to the office, the succeeding officer shall, immediately after he shall have entered upon the duties of his office, demand of his predecessor the books under his control belonging to such office, and the person going out of office, whenever so required, shall deliver such books and papers to his successor. If the applicant, in a proceeding under this section (2471a, Code Civ. Proc.), produces a certificate of his election or appointment to the office in question from the proper officer, with proof that he has duly qualified, he is entitled to the delivery of the books and papers pertaining to the office. Matter of Sells, 15 App. Div. 572, 44 N. Y. Supp. 570. Section 65 of the town law provides that when a vacancy shall occur in any town office, the town board or a majority of them may appoint a suitable person to fill the vacancy.

Section 5 of the public officers law (chapter 681, p. 1657, Laws of 1892) provides as follows:

"Every officer, except a judicial officer, a notary public, a commissioner of deeds, and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor."

We think that, under the provisions of this section, Cook as a member of the town board had no legal right to vote upon the resolution to appoint his successor. This must be regarded as the proper effect to be given to the provision that after the expiration of the term (his term, which had expired) the office shall be deemed vacant for the purpose of choosing his successor. He could, after the term for which he was chosen, hold over and continue to discharge the duties of his office, except for the purpose of choosing his successor. To hold that he could vote upon a resolution to choose a successor, for himself, if he were a candidate, would do violence to the spirit if not the letter of the section. It would be permitting a person to elect himself to office; and this might be done by three members of the town board if similarly situated. We should be loath to so construe the statute, if its provisions were much more ambiguous than they are. But we think the obvious signification and import of the phrase, "the office shall be deemed vacant for the purpose of choosing his successor," is that for all purposes, including the right of Cook to vote upon the question of his succesor, his office is to be deemed vacant.

There is no force in the suggestion that the proper remedy of the moving party is quo warranto. There is no one who claims or who has usurped the office. Quo warranto will lie only where the party proceeded against is a de facto or de jure officer, is in possession of the office, and the facts are in dispute. By force of the provision of the statute the office is vacant, except as the applicant, Smith, is the incumbent. The order should be affirmed.

Order affirmed, with $10 costs and disbursements.

McLENNAN, P. J., and SPRING, and WILLIAMS JJ., concur.

KRUSE, J. (dissenting). I am constrained to differ with my associates as to the meaning of section 5 of the public officers law. That section provides that:

"Every officer except a judicial officer, a notary pulblic, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor."

I think the statement in the section, "that after the expiration of such term the office shall be deemed vacant for the purpose of choosing his successor," is not a limitation upon the power of the officer holding

over, conferred by the preceding provision, which requires such an officer to continue to discharge the duties of his office after the expiration of his term, until his successor is chosen and qualified. Its only purpose, as I view it, is to allow the proper authority to fill an office declared to be vacant, but which in fact is not vacant; for the officer whose term was expired is properly in office, and is required to exercise the functions of the office until his successor has been chosen or appointed and qualified. Many of the officers included by this section have no duties in making appointments to office. But, where such an officer is a member of a board upon which devolves the duty of appointing his successor, I see no impropriety in his discharging that duty. At all events, the statute, which requires him to discharge the duties of his office until his successor is chosen and qualified, makes no such exception, and I see no reason for reading it in.

The suggestion that it would be permitting a person to elect himself to office, I think, is without force. If he or any other member of the town board by his own vote had appointed himself to the office, a very different question would be presented. The supervisor was a member of the town board, and the petitioner, having received but three votes out of the six, was not duly elected to the office of supervisor. Three members of the board could not make an appointment.

I think the order should be reversed.