In the Matter of the Application of LOUIS E. CROSBY, Petitioner, to Compel the Delivery of Records, Books, Papers, Money and Property by LORENZO VAN VALKENBURGH, Respondent.

Supreme Court, Greene County, July 24, 1942.

*Isadore Bookstein,* for the petitioner.

*Howard C. Wilbur,* for the respondent.

BERGAN, J.    The town board of the town of Halcott in Greene county is constituted of five members: a supervisor, two councilmen and two justices of the peace.    At the general election of 1941 there was a tie vote for the office of supervisor and a tie vote for the office of one councilman.    The incumbent supervisor, Van Valkenburgh, held over.    (Pub. Off. Law, § 5.)    He continues, under that statute, to occupy the office until his successor is chosen and qualifies. There was no incumbent councilman and that vacancy has not been filled.    The board, after January 1, 1942, consisted of the supervisor, the respondent Van Valkenburgh, holding over; two justices of the peace and one councilman, with the office of one councilman vacant.

On June 11, 1942, two members of the board, a justice of the peace and a councilman, executed a certificate appointing the petitioner Crosby as supervisor to fill up the vacancy caused by the failure to elect a successor to Van Valkenburgh.    Crosby qualified by taking and filing the oath of office and his bond.    He maintains this proceeding to direct Van Valkenburgh to surrender the books, records and property pertaining to the office of supervisor. The facts are not in dispute.

The statute (Town Law, § 64, subd. 5) provides that when a vacancy exists in any town office " the town board, or a majority

of the members thereof, may appoint a qualified person to fill the vacancy." This grant of power is not satisfied by the certificate of two of the members of the board, but the vacancy can be filled only by a majority of all the members constituting the board, *i. e.*, by the concurrence of not less than three members.

The petitioner argues in the first place that the respondent, although properly holding over as supervisor and occupying membership in the board as such, is disabled from participating in filling the vacancy in his office. This view was specifically sustained in *Matter of Smith* (49 Misc. 567; affd., 116 App. Div. 665; affd., 188 N. Y. 549) and it would be contrary to public policy to allow him as a hold-over officer to participate in the selection of his successor. (*People* v. *Thomas*, 33 Barb. 287; *People ex rel. Shirey* v. *Pearson*, 121 Misc. 26, 29.)

It is further the point of the petitioner that since the respondent supervisor himself cannot vote, his office must be excluded from calculation in membership of the board to determine what constitutes a majority; that the office of councilman that is vacant must also be excluded from the computation and that therefore the membership of the board is computed at three instead of five and that two constitute " a majority of the members thereof " within the intent of the statute authorizing the filling of vacancies.

Section 64 of the Town Law must be read in connection with related sections. Section 63 provides that " a majority of the board " shall constitute a quorum. This clearly means a majority of the officers constituting the board, and not a majority of the residuum resulting from vacancies, disqualifications or absences. This is made clearer by the further provision of section 63 that " every act, motion or resolution shall require for its adoption the affirmative vote of a majority of all the members of the town board." The inclusion of " every act " contemplates executive and appointing functions of the board as well as legislative functions. And while subdivision 5 of section 64 provides for the filling of a vacancy by the board " or a majority of the members thereof," the section itself prescribes the powers generally of " the town board of every town " under the heading of " general powers of town boards " and it is consistent with this to say that the Legislature intended to confer the power of filling vacancies on the boards as such, acting by a majority of their members. This view of intent seems to be strengthened by the general statement of subdivision 2 of section 60, that a town board shall be vested with all the powers of the town. Therefore it would seem that the vacancy must be filled by the board as such, and, if this is so, it must be filled by a majority of all the constituted members of the board.

If, as it is urged by petitioner, a majority of the members of the board, acting not as a board, but individually, may fill the vacancy, and if they are not governed by the provisions of section 63 relating to the acts of town boards as such, the number who are a " majority " thereof and who may so act is governed by section 41 of the General Construction Law. This, in so far as pertinent, provides that when three or more public officers are given any power, " a majority of all such persons or officers at a meeting " duly held on reasonable notice to all of them may exercise the power. In the event of certain kinds of disability a majority of a quorum may act providing it is not less than a majority " of the whole number." It would clearly follow from these provisions that the power of appointment could only be exercised on due notice to the others and by a majority of all of the members constituting the board as fixed by law.

It is correctly argued by the petitioner that section 41 of the General Construction Law applies only in the absence of some governing statute to the contrary, as the General Construction Law itself so provides (§ 110), but the words " a majority of the members thereof " in section 64 of the Town Law, if limited to acts of members as distinguished from acts of town boards are not otherwise defined in the Town Law and what constitutes a majority of the members of the board is accordingly governed by section 41 of the General Construction Law.

Nothing decided in Morris v. Cashmore (253 App. Div. 657) is to the contrary. There it was held that a quorum was defined by the New York City Charter in such plain language (§ 29) that it was not open to a contrary interpretation by reference to section 41 of the General Construction Law. In Matter of Merriam (84 N. Y. 596, 608) cited by petitioner it was said that the proof did not clearly show that all the members of the board were not present at the time the act complained of was done and in People ex rel. Kingsland v. Palmer (52 N. Y. 83) a majority of all the number constituting the commission had joined in the act, a fact which seemed controlling upon that branch of the case (p. 88). See generally upon the application of section 41 of the General Construction Law, to the number of public officers required to perform an official act, Matter of Talbot v. Board of Education (171 Misc. 974).

Entirely independent of the effect of the General Construction Law, the language of subdivision 5 of section 64 of the Town Law, providing that an appointment to fill a vacancy be made by a majority of the members of the town board, cannot reasonably be construed to authorize an appointment by a minority of two members of a board constituted by law at five.

Petition dismissed without costs. Submit order.