In the Matter of LOUIS E. CROSBY, as Supervisor of the Town of Halcott, Greene County, New York, Appellant, against LORENZO VAN VALKENBURGH, Respondent.*

Third Department, November 11, 1942.

*Isadore Bookstein* for appellant.

*Howard C. Wilbur* for respondent.

SCHENCK, J. This is an appeal by petitioner from an order of the Special Term denying a motion to compel respondent to deliver to appellant records, books, and papers pertaining to the office of Supervisor of the Town of Halcott, Greene County. The facts are not disputed.

The Town Board of Halcott consists of five members: A Supervisor, two Councilmen, and two Justices of the Peace. At the 1941 election, respondent, then holding the office of Supervisor, was a candidate for re-election. The election resulted in

---

* Affg. 178 Misc. Rep. 746.

a tie, causing the office to be vacant. Respondent, however, continued in office as a hold-over pending lawful appointment or election of a successor. Also, in the 1941 election, a tie resulted in the vote for Councilman. Neither candidate for that office, however, was a hold-over, with the result that the office became completely vacant. The net outcome of all of the foregoing was that on January 1, 1942, the Town Board consisted of but four members, including the hold-over respondent, still occupying the office of Supervisor.

On June 11, 1942, two members of the Board, to wit: A Justice of the Peace and a Councilman, issued a certificate stating that they were thereby appointing appellant to succeed the respondent and fill the vacancy by reason of a tie vote at the election for Supervisor in 1941. Appellant contends that this appointment was made by a majority of the existing eligible Town Board and is legal and proper, thus entitling appellant to the office of Supervisor.

We cannot agree with this contention. The lower court decision invalidating the purported appointment and denying the relief sought should be sustained. It is true that on June 11, 1942, there were only three members of the Town Board eligible to vote to fill the Supervisor vacancy. It would be contrary to public policy to permit the hold-over respondent to vote upon the question of filling the vacancy of his own office. This point has been sustained upon squarely identical facts in *Matter of Smith* (49 Misc. Rep. 567; affd., 116 App. Div. 665; affd., 188 N. Y. 549). This does not mean, however, that two of the three remaining members of the Board constitute a majority thereof enabling them to fill a vacancy in compliance with the provisions of the Town Law (Cons. Laws, ch. 62).

Subdivision 5 of section 64 of the Town Law provides that a vacancy in a town office may be filled by "the town board or a majority of the members thereof * * *." A majority of the Town Board in question here cannot be less than three members thereof. This not only appears from the plain wording of the portion of the section quoted, but is clarified by section 63 of the same law when read in connection with section 64. Section 63 provides, in part, "Every act, motion or resolution shall require for its adoption the affirmative vote of a majority of all the members of the town board." The foregoing does not provide for vote by a majority of eligible members but specifically by vote of all members. Even making allowance for the vacancy caused by the tie in the vote for Councilman in 1941, there were four members of the Board, including

respondent as hold-over, when the purported designation of petitioner took place. Clearly, a majority at that time could not be less than three members.

Furthermore, the appointment could not be accomplished by the execution of a certificate by two members but required a vote at a meeting of the Town Board duly called and held pursuant to section 63 of the Town Law which provides that every act, motion or resolution shall require for its adoption an affirmative vote. The mere filing of a certificate is in no event a compliance with the statute.

The order should be affirmed.

HILL, P. J. (dissenting). I dissent. A majority of the members of the Town Board eligible to participate in the selection have appointed Louis E. Crosby, Supervisor. The statute provides that the appointment may be made by "the town board or a majority of the members thereof." This empowers a member to act in his individual capacity. The majority of the individual members have acted.

CRAPSER, BLISS and HEFFERNAN, JJ., concur in the second ground stated in the opinion by SCHENCK, J.; HILL, P. J., dissents, in a memorandum.

Order affirmed.