Desmond, J.
At the 1955 election for the office of Supervisor, Town of Cochecton, County of Sullivan, there were two candidates: the incumbent supervisor who is appellant here, and respondent. Each received 310 votes. Acting under subdivision 5 of section 64 of the Town Law, the town board on January 3, 1956, filled the resulting vacancy by choosing respondent. Both courts below have held that this was the lawful method, and we agree.
The statute (Town Law, § 64, subd. 5, supra) reads in its applicable part, as follows:" “ Whenever a vacancy shall occur or exist in any town office, the town board or a majority of the *130 members thereof, may appoint a qualified person to fill the vacancy. * * * If the appointment be made to fill a vacancy in an elective office, except collector and justice of the peace, the person so appointed shall hold office until the commencement of the calendar year next succeeding the first annual election at which the vacancy may be filled ”.
That statutory language (for similar provisions in other States, see 87 C. J. S., Towns, § 69, pp. 65, 66) has been in our laws without substantial change since 1890 (L. 1890, ch. 569, § 65). . In Matter of Smith (49 Misc. 567, affd. 116 App. Div. 665, affd. 188 N. Y. 549 [1907]) our court assumed, as did all the Judges who sat in both lower courts, that it means that, when there has been a failure because of a tie vote to elect a supervisor at the regular election, the town board is empowered to appoint a supervisor. The precise question in the Smith case (supra) was as to which town board members were qualified to vote at the meeting, but to reach that question at all the courts had to hold that subdivision 5 of section 65 was applicable to the situation. There is no reported court decision or other authority to the contrary. There are at least seven cases, other than Smith (supra), which hold or assume that whenever at the time appointed for a town supervisor to take office there is no qualified and elected person available to fill the office, the town board chooses a supervisor (People ex rel. Hyde v. Potter, 88 App. Div. 239 [1903]; Matter of Ellis v. Waldo, 93 App. Div. 605 [1904]; People ex rel. Preston v. Keator, 169 App. Div. 368 [1915]; People ex rel. Green v. Blach, 229 App. Div. 47 [1930]; Matter of Crosby v. Van Valkenburgh, 265 App. Div. 92 [1942]; People ex rel. Shirey v. Pearson, 121 Misc. 26; Matter of Williamson v. Corscadden, 143 Misc. 249 [1932]). Some of those decisions were made at such times that they were, presumably, known, to the Joint Legislative Committee to Recodify the Town Law, which made a series of reports in 1928 (N. Y. Legis. Doc., 1928, No. 86), in 1929 (N. Y. Legis. Doc., 1929, No. 83) and in 1930 (N. Y. Legis. Doc., 1930, Nos. 64, 91) but suggested no change in subdivision 5 of section 64 of the Town Law. Added to all this authority favoring affirmance of the order here appealed from are various Attorneys-General’s opinions to the same effect (1911 Atty.-Gen. 520; 1932 Atty.-Gen. [Inf.], 45 N. Y. St. Dept. Rep. 513; 1933 Atty.-Gen. [Inf.], 48 N. Y. St. Dept. Rep. 701, 712, 734). Various text writers haye *131 announced the same rule (Gilbert, Supervisors’ Manual [3d ed., 1906], pp. 271-272; Gilbert, Bender’s Manual for Town Officers [15th ed., 1937], p. 275; Cothran on Law of Supervisors [1881], p. 14).
The argument for reversal is based on section 5 of the Public Officers Law which is, in part, as follows: 11 Every officer * * * shall * * # hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but, after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor ”. But that statute causes no trouble here. Applied to the case of a tie vote for town supervisor, section 5 says that the incumbent continues to hold the office until his successor is chosen by town board vote and qualifies. But section 5 says also that, after the expiration of appellant’s elected term on December 31, 1955, the office was “ vacant for the purpose of choosing his successor ”. The method for such choice of a successor supervisor is clearly stated in subdivision 5 of section 64 of the Town Law (supra)—that is, by vote of the town board.
People ex rel. Lovett v. Randall (12 Misc. 619, affd. 91 Hun 266, affd. 151 N. Y. 497) is not pertinent here, although it involves the holding over of an incumbent town officer after an election tie. The difference is that the Lovett case (supra) was decided on the basis of old section 12 of the Town Law, dropped from later codifications, which section authorized such an incumbent to hold over until his successor should be 6 ‘ elected ’ ’ (see Judge Gayxob’s opinion at 12 Misc. 619). After section 12 was removed from the Town Law, the only applicable statute was subdivision 5 of section 64.
The order appealed from should be affirmed.
Coxway, Ch. J., Dye, Fuld, Fboessel, Yax Voobhis and Bubke, JJ., concur.
Order affirmed