Kenneth S. MacAfeer, J.
Petitioners bring this proceeding-under article 78 of the Civil Practice Act for an order vacating and annulling the appointment of the respondent, Walter Bastedo, purported to have been made by the Board of Education of Union Free School District No. 1 on the 26th day of June, 1962, and annulling the decision of the respondent, James E. Allen, Jr., as Commissioner of Education, dated September 28, 1962 relating to the appointment of the said respondent, Bastedo.
The petitioners and the respondents, with the exception of Commissioner Allen, are all residents of Union Free School District No. 1 of the Towns of Brookhaven and Smithtown, Suffolk County, New York and are all members of the Board of Education of the said school district.
The respondent, James E. Allen, as the Commissioner of Education of the State of New York, will hereinafter be referred to as the Commissioner.
The petitioners contend the the Board of Education of the said school district, on the 26th day of June, 1962 illegally elected Walter Bastedo as a member of the board and as a successor to Dr. Easterday who had resigned as of July 1, 1962 and that the said election was void in that the said Dr. Easterday participated in the election of his successor, when in fact there was no vacancy in the membership of the Board of Education. Thereafter an appeal was taken from the aforesaid action to the Commissioner and the Commissioner made a decision that Dr. Easterday had a right to participate in the vote on a successor and dismissed the appeal.
This proceeding is brought, therefore, to review and set aside the aforesaid determination of the Commissioner.
On the 26th day of June, 1962, prior to the hour of the meeting of the aforesaid Board of Education held on that day one Otho D. Easterday, a duly elected member of said board, wrote a letter addressed to the Superintendent of Schools of the second supervisory district, of which the aforesaid school district was and is a part, in which he stated that he would be leaving the district very shortly and he wished to submit his resignation from the board effective July 1, 1962. The board consists of seven trustees. The board as so constituted, including Dr. Easterday, met and proceeded with the meeting of the board. The minutes of that meeting disclose that in the course of the meeting a motion was made that a special election be held for the purpose of choosing a successor to the “ post being vacated by Dr. Easterday,” The motion was defeated, three voting in the affirmative, two voting in the negative, Dr. Easterday and Mr. O’Connor abstaining.
*748 Thereafter, during the course of the meeting, a motion was made and adopted by,, a vote of four to three, permitting Dr. Easterday to vote on his replacement. Dr. Easterday was one of the four who voted in favor of this motion. The minutes further disclose that Mr. Bastedo was elected to take the place of Dr. Easterday by a vote of four in the affirmative, three members abstaining from voting, Dr. Easterday voting in the affirmative, which vote produced the needed majority of votes.
From the memorandum written on the aforesaid letter of resignation by the District Superintendent, the resignation of Dr. Easterday was accepted as of ‘ ‘ midnight June 30, 1962.” The papers also disclose that the term of Trustee Haenlein expired July 1,1962.
From these statements it appears that Mr. Bastedo was elected prior to the existence of a vacancy by reason of the resignation of Dr. Easterday and that Trustees Easterday and Haenlein were permitted to participate in such election. ■
The Constitution of the State of New York in sections 8 and 11 of article XIII provides that the Legislature shall provide for filling vacancies in office and may declare the cases in which any office shall be vacant when no provision is made for that purpose in the Constitution. Thus it must be concluded that the sole power to declare when an office shall be vacant and to provide for the filling of vacancies is vested in the Legislature.
Section 31 of the Public Officers Law provides in part as follows: “ § 31. Resignations. 1. Public officers may resign their offices as follows: * * *
“ h. The officer of any other municipal corporation, to the clerk of the corporation * * *
“ 2. Every resignation shall be in writing addressed to the officer or body to whom it is made. If no effective date is specified in such resignation, it shall take effect upon delivery to or filing with the proper officer or body. If an effective date is specified in such resignation, it shall take effect upon the date specified, provided however, that in no event shall the effective date of such resignation be more than thirty days subsequent to the date of its delivery or filing. If such resignation specifies an effective date that is more than thirty days subsequent to the date of its delivery or filing, such resignation shall take effect upon the expiration of thirty days from the date of its delivery or filing.”
The Education Law, with reference to the resignation of a school district officer, provides as follows: “ § 2111. Resignation of district officers. A school district officer may resign to a district meeting. Such officer shall also be deemed to have resigned *749 if he filed a written resignation with the district superintendent of his district and such superintendent endorses thereon his approval and files the same with the district clerk.”
The Education Law provides, with respect to the filling of vacancies, as follows (with reference to the powers of Boards of Education in Union School Districts): “ § 1709. Powers and duties of boards of education. * =::= *
17. To fill any vacancy which may occur in said board by reason of the death, resignation, removal from office or from the school district, or refusal to serve, of any member or officer of said board; and the person so appointed in the place of any such, member of the board shall hold his office until the next annual election of trustees.”
Section 2113 of the Education Law also prescribes an alternative procedure to be followed in filling a vacancy in the office of school trustee. This section provides in part as follows:
“ § 2113. Filling vacancy in office of trustee.” 1. A vacancy in the office of trustee in any school district may be filled by election within thirty days after it occurs. If not so filled, the district superintendent of the supervisory district, within which the schoolhouse or principal schoolhouse of the district is situated, may appoint a competent person to fill it.
“2. If a vacancy in the office of trustee in a union free school district exists, the commissioner of education may order a special election for filling such vacancy. When such special election is ordered the vacancy shall not be filled otherwise.” Subdivision 5 of section 64 of the Town Law and section 61 of the Village Law provide for the filling of a vacancy Avhen a vacancy shall occur. (Emphasis supplied.)
It is therefore apparent that the Legislature of the State of New York, pursuant to the provisions of the Constitution, has enacted laws to provide for the filling of vacancies in public offices. In this proceeding, Avhether the resignation of Dr. Easter-day was pursuant to section 2111 of the Education Law or section 31 of the Public Officers LaAV makes little difference, as the filling of the vacancy, in either instance, could not take place until the vacancy actually existed.
In the case of Matter of Cassidy v. Wilkins (137 Misc. 748), decided prior to the amendment to section 31 of the Public Officers Luav (which provided for the specification of an effective date within 30 days), the court stated in part (pp. 750-751): “The statute provides a particular mode by which public officers may resign. That method is exclusive. The statute also clearly specifies when it shall be effective. The only exception to this is contained in section 41 of the Public Officers Law (as *750 amd. by Laws of 1928, chap. 91), which provides for filling a vacancy in the office of Comptroller or of Attorney-General in the event of a prospective resignation.”
In the case of Matter of Crosby v. Van Valkenburg (178 Misc. 746, affd. 265 App. Div. 92), which involved an instance in which a holdover supervisor attempted to participate in the filling of the vacancy in his office, Mr. Justice Bergaw, sitting in Special Term, said in part (p. 748): “ The petitioner argues in the first place that the respondent, although properly holding over as supervisor and occupying membership in the board as such,' is disabled from participating in filling the vacancy in his office. This view was specifically sustained in Matter of Smith (49 Misc. 567; affd., 116 App. Div. 665; affd. 188 N. Y. 549) and it would be contrary to public policy to allow him as a hold-over officer to participate in the selection of his successor. (People v. Thomas, 33 Barb. 287; People ex rel. Shirey v. Pearson, 121 Misc. 26, 29) ”. (emphasis added.)
The Appellate Division in its affirmance of Matter of Crosby (supra, p. 93): “ It would be contrary to public policy to permit the hold-over respondent to vote upon the question of filling the vacancy of his own office.”
This court reaches the inescapable conclusion that the resignation of Dr. Easterday did not become effective until the 1st day of July, 1962.
It is apparent that, when one. resigns from public office, a Vacancy does not exist until the effective date of his resignation. The individual, therefore, who has resigned never becomes eligible to participate in the election of his successor by reason of the fact that when the resignation becomes effective he has ceased to be a member of the body empowered to elect the successor. In this instance, the resignation became effective at midnight on June 30, 1962 and the selection of the successor could not in accordance with law take place prior to July 1, 1962, at which time neither Dr. Easterday nor Mr. Haenlein was a member of the Board of Trustees.
The respondents, in seeking to sustain the determination of the Commissioner, contend that the determination of the Commissioner is final and conclusive pursuant to the provisions of section 310 of the Education Law and is not subject to review in any place or court whatever. The respondents, therefore, contend that, the Commissioner having ruled, this court may not disturb such ruling regardless of whether this court reaches the conclusion that the statutes reviewed have not been construed in accordance with the laws of this State.
*751 This court is mindful of the broad powers of the Commissioner pursuant to the provisions of the aforesaid section 310 of the Education Law but cannot agree with the contention of the respondents that in this instance this court is powerless to review this determination of the Commissioner.
This determination does not involve a question of discretion. It does not involve a matter of policy. It does not involve an attempt on the part of this court to substitute its judgment for that of the Commissioner. It does involve the construction of the law of the State. This court has reached the conclusion that the Commissioner has misinterpreted the statutes with respect to the effective date of a resignation and when such a vacancy may be filled.
In the Matter of Stephan v. Allen (2 Misc 2d 6) that court reversed the decision of the Commissioner which had sustained the appointment, pursuant to the provisions of subdivision 17 of section 1709, of two school trustees to fill vacancies by a de facto board.
In the Matter of Leone v. Hunter (21 Misc 2d 750, 752) the court said, in reversing the Commissioner, in part: “ Though the Commissioner of Education has exclusive jurisdiction to review certain grievances and matters he does not have such exclusive jurisdiction in the construction of a statute or in matters involving a tax levy or grievances of parties not connected with the Department of Education. This is established by numerous decisions (Matter of O’Connor v. Emerson, 196 App. Div. 807, affd. 232 N. Y. 561; Matter of Cantor v. Board of Educ., 262 App. Div. 861; Matter of Golden v. Hamilton, 171 Misc. 1039; Matter of Miller v. Gould, 121 Misc. 270, 272; Austin v. Board of Trustees, 68 Misc. 538, 540; Corbett v. Union Free School Hist., 102 N. Y. S. 2d 924, 925; Anderson v. Board of Educ., 135 N. Y. S. 2d 189).”
This court is familiar with the great volume of cases cited by the attorneys for the Commissioner but does not believe that the same have any application to the decision of the Commissioner in this instance.
This court, therefore, concludes that the determination of the Commissioner, in determining that Dr. Easterday had the right to participate as a member of the school board in the election of his successor, was arbitrary and contrary to the provisions of law and is therefore reversed.
The court also concludes that the action of the board in the election of one Walter Bastedo as a Trustee to succeed Dr. Easterday must be annulled and set aside as illegal and void. *752 The application of the petitioners is therefore granted as herein indicated together with costs.
Petitioners to submit final order.
All papers to the attorneys for the petitioners for filing upon entry of the order hereon.