(66 Misc. Rep. 2.)

## PEOPLE ex rel. SANDERS v. STOCKWELL.

(Supreme Court, Special Term, Cortland County. January 12, 1910.)

1. MUNICIPAL CORPORATIONS (§ 149*)—OFFICERS—TERM OF OFFICE—FILLING VACANCY.

Where the mayor and council, on the death of an officer after his election for a second term and before the expiration of the first term, appointed another to fill the vacancy "for the balance of the unexpired term," such appointment is only for the balance of the first term, and not for the second term, to which the deceased officer was elected.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 329; Dec. Dig. § 149.*]

2. MUNICIPAL CORPORATIONS (§ 131*) — OFFICERS — APPOINTMENT TO FILL VACANCY.

Cortland City Charter (Laws 1890, c. 160) § 20, providing that "if a vacancy shall occur in any elective office of the city, otherwise than by expiration of term, the mayor and common council shall fill such vacancy for the balance of the unexpired term," does not provide for the appointment of an officer to fill a vacancy arising from the death of an elective officer between the date of his election and the commencement of his term.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 305, 378; Dec. Dig. § 131.*]

3. MUNICIPAL CORPORATIONS (§ 149*)—OFFICERS—TERM OF OFFICE—FILLING VACANCY.

By Cortland City Charter (Laws 1890, c. 160) § 20, the office of chamberlain is made elective and the term of office is two years. Section 15 provides that the term of each elective officer shall commence on January 1st after his election. Public Officers Law (Consol. Laws, c. 47) § 5. provides that an officer shall hold over after the expiration of his term of office until his successor is chosen and qualified, "but after the expiration of such term the office shall be deemed vacant for the purpose of choosing his successor." General Election Law (Consol. Laws, c. 17) § 292, provides that "a vacancy occurring before October 16th of any year in any office authorized to be filled at a general election, shall be filled at the general election held next thereafter." *Held* that. where a chamberlain died between the date of his re-election and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & REP'T Indexes

commencement of his second term, the person appointed to fill the vacancy could hold over only until the office was filled at the next general election.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 329; Dec. Dig. § 149.*]

Quo warranto in the name of the People, on the relation of Charles D. Sanders, against William A. Stockwell. Heard on demurrer to the complaint. Judgment for relator.

Edward R. O'Malley, Atty. Gen. (Leon C. Rhodes and O. U. Kellogg, of counsel), for relator.
Charles B. Dowd, for defendant.

COMAN, J. The necessity for an early decision of this case, as represented by all the counsel, prevents that deliberate examination which its importance would otherwise suggest. Nevertheless I feel satisfied that the conclusion which I have reached would not be changed upon more mature reflection.

In November, 1906, one G. J. Maycumber was elected city chamberlain of the city of Cortland for a term of two years, commencing January 1, 1907, and expiring December 31, 1908. In December, 1908, the said Maycumber was re-elected to said office for the term of two years, commencing January 1, 1909, and expiring December 31, 1910. After the last-mentioned election, and prior to December 30, 1908, the said Maycumber died, whereupon, pursuant to the provisions of section 20 of the charter of the city of Cortland (chapter 160, Laws of 1900), the mayor and common council appointed the defendant to fill the vacancy thus caused "for the balance of the unexpired term."

In the fall of 1909, upon the assumption that a vacancy in the office existed which should be filled at the municipal election, both of the principal political parties nominated candidates for this office, their names were regularly placed upon the ballots, and at the regular annual election in November the relator received the greatest number of votes, and a certificate of election was duly issued to him. He took and filed the oath of office required by law, and executed an official bond in proper form and with sufficient sureties, and presented the same to the common council for its approval. To quote from the complaint:

"The common council did not object to the form or sufficiency of the bond, or the sufficiency of the surety thereto, and in fact approved of the same in that respect, but rejected it upon the ground that the said Charles D. Sanders was not legally elected to said office of city chamberlain."

The defendant continues to hold the office, and refuses to surrender the same to the relator.

The question thus presented by the conceded facts involves an examination of certain provisions of the city charter, the public officers law, and the election law. By section 12 of the charter the office of chamberlain is made elective and the term of office is fixed at two years. By section 15 it is provided that the term of office of each elec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tive officer shall commence on January 1st after his election. Section 20, entitled "Filling Vacancies," provides as follows:

"Other than as provided in this act, if a vacancy shall occur in any elective office of the city, otherwise than by expiration of term, the mayor and common council shall fill such vacancy for the balance of the unexpired term. * * *"

Naturally, the first inquiry is: For what time did the common council appoint this defendant? The answer seems too obvious to admit of argument, and I understand that the parties are agreed upon this point. He was appointed for the "balance of the unexpired term" of Maycumber, and that term expired at midnight on the 31st day of December, 1908—or one day after the appointment.

To undertake to apply the provisions of section 20 to the second elective term of Maycumber would involve an absurdity and a contradiction in terms. We cannot speak of an entire term as "the balance of the term." My conclusion, therefore, is that section 20 has no application to the selection of a successor to Maycumber for the term of two years commencing January 1, 1909.

I have searched in vain for any other provision of the charter which takes care of this unusual condition, and counsel have not called my attention to any. My conclusion, therefore, is that the condition arising from the death of an elective officer between the date of his election and the commencement of his term of office is not provided for in the charter and must be looked for in the general statutes of the state.

The contention of counsel for the defendant that the vacancy in question existed "otherwise than by expiration of term" would have much force were the words last quoted not accompanied and limited by the expression already referred to, to wit, "the balance of the unexpired term;" but, being thus limited, the result is to negative the idea that the common council can, under any circumstances, fill, by appointment, an elective office, for a full term. If the conclusions above reached are correct, no further difficulties are presented. Ample provisions to meet the contingency presented are to be found in the general statutes of the state, to which only a brief reference is necessary.

Section 5 of the public officers law (Consol. Laws, c. 47) provides that every officer, with certain exceptions not necessary to mention, shall hold over after the expiration of his term of office until his successor is chosen and qualified, "but after the expiration of such term the office shall be deemed vacant for the purpose of choosing his successor." As applied to the facts of this case, this provision means that after December 31, 1908, the defendant could lawfully hold over until his successor was chosen and qualified, but that from and after the latter date a vacancy existed for the purpose of choosing his successor.

How shall the vacancy thus created be filled? Turning to section 292 of the general election law (Consol. Laws, c. 17), we find the answer to this inquiry. That section provides as follows:

"A vacancy occurring before October 16th of any year in any office authorized to be filled at a general election, shall be filled at the general election held next thereafter unless otherwise provided by the Constitution or unless previously filled at a special election."

The exact course indicated by these provisions of law was followed in this case, and my conclusion is that the relator was duly elected to the office of chamberlain.

My attention has been called by counsel for the defendant to the case of People ex rel. Ward v. Scheu, 167 N. Y. 292, 60 N. E. 650; but I think that it has no relevancy to this discussion, for the reason that the Buffalo charter, which was under consideration, contained an express provision that the city officers should be elected only in the odd-numbered years. I find no similar provision in the Cortland charter, nor anything indicating an intent on the part of the Legislature to fix the years in which city officers shall be elected, after the first election.

Let an interlocutory judgment be entered overruling the demurrer, with costs, and let a decision be prepared in accordance with the foregoing opinion.

As the complaint concededly states all the material facts, and as it was stated upon the argument that they were undisputed, I see no occasion for the usual provision permitting the defendant to answer, and no reason why final judgment should not be entered granting the relief demanded in the complaint.

I will, however, hear suggestions from counsel upon this latter point, when judgment is prepared and presented for signature.