THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN S. GREEN, Plaintiff, *v.* FRANK BLACK, Defendant.

Third Department, March 27, 1930.

*Hamilton Ward, Attorney-General [Beecher S. Clother, Special Deputy Attorney-General,* of counsel], for the plaintiff.

*Chambers & Finn [Walter A. Chambers* of counsel], for the defendant.

HINMAN, Acting P. J. In the town of Stony Creek, Warren county, on November 8, 1927, Walter Brooks was elected town superintendent of highways for the term of two years from January 1, 1928. On November 5, 1929, he was re-elected for two years from January 1, 1930. On November 30, 1929, he died and the office became vacant. The town board, on December 6, 1929, and again on December 28, 1929, pursuant to section 130 of the Town Law, appointed Frank Black, defendant herein, to fill the vacancy. The board declared that he should hold such office until the next biennial town meeting of such town. He qualified and entered upon the performance of his duties and has ever since claimed to act as such town superintendent of highways of said town. The complexion of the town board changed on January 1, 1930, and it declared that a vacancy existed in said office for the term of two years beginning January 1, 1930, because of the death of said Walter Brooks who had been re-elected for said term on November 5, 1929. The new board thereupon appointed the relator, Benjamin S. Green, to fill that vacancy. On January 4, 1930, said Benjamin S. Green qualified for the office and has ever since claimed to act as such. The question is, which of the appointees is entitled to the office.

Section 130 of the Town Law provides: " When a vacancy shall occur or exist in any town office, the town board or a majority of them may, by an instrument under their hands and seals, appoint a suitable person to fill the vacancy, and the person appointed, except justices of the peace, shall hold the office until the next biennial town meeting." The intent of the statute may be judged by what is possible to arise under it. It so happens that Walter Brooks was re-elected. He was filling out one term and was to hold office for a new term. He died after re-election and before completing his first term. If some one other than himself had been elected at the November election, 1929, can it be possible that the Legislature intended that, by the death or resignation of Walter

Brooks after said election and before the newly elected officer's term began, the town board could fill the vacancy not only for the balance of the term of Brooks but for the next two years to the exclusion of the person elected by the town? If section 130 of the Town Law is to be given literal interpretation, apart from any other statute, that may be so. We cannot believe that such a result was contemplated. It seems to us that the question turns upon the meaning to be given to the term " vacancy " as used in that section. The Public Officers Law must be read in connection with that section. Section 30 of the Public Officers Law provides: " Every office shall be vacant upon the happening of either of the following events before the expiration of the term thereof: 1. The death of the incumbent; * * *." That contemplates a vacancy relating to an existing and unexpired term. Section 5 of the Public Officers Law relates to a vacancy in a new term and provides that a present incumbent shall hold over after the expiration of his term, until his successor shall be chosen and qualified; but that after the expiration of the term for which he shall have been chosen, " the office shall be deemed vacant for the purpose of choosing his successor." So the policy of the law seems to be that a vacancy cannot exist longer than the term in which it occurs. (*People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *People ex rel. Sanders* v. *Stockwell*, 66 Misc. 2.) Harmonizing section 130 of the Town Law with the general provisions of the law as to the duration of vacancies, we hold that there were two separate and distinct vacancies caused by the death of Walter Brooks, one for the remainder of his unexpired term and another for the new term beginning January 1, 1930. There was, however, no vacancy in the new term until that term began. The person appointed in 1929 could be appointed only to fill the vacancy for the term then existing, because after the expiration of that term " the office shall be deemed vacant for the purpose of choosing his successor." (Pub. Off. Law, § 5.) That fixes the time when in the contemplation of the law the second vacancy was created.

Judgment should be entered determining that the relator was duly appointed to the office of town superintendent of highways of the town of Stony Creek, Warren county, N. Y., and is entitled to hold such office until the next biennial town meeting of said town.

DAVIS and WHITMYER, JJ., concur; HASBROUCK, J., dissents, with a memorandum, in which HILL, J., concurs.

HASBROUCK, J. (dissenting). The question is, which of these appointees is entitled to the office. Section 130 of the Town Law

(as amd. by Laws of 1921, chap. 448), among other things provides: " When a vacancy shall occur or exist in any town office, the town board or a majority of them may, by an instrument under their hands and seals, appoint a suitable person to fill the vacancy, and the person appointed, except justices of the peace, shall hold the office until the next biennial town meeting."

The vacancy arose in 1929 and it was within the competency of the then existing town board to fill it. Having acted by appointing Black the statute was complied with. He, therefore, duly qualified and became the superintendent of highways. The Legislature had full comprehension of the subject and the public interest in connection therewith. (*Matter of O'Connell* v. *Corscadden*, 243 N. Y. 86.) The terms of the law are clear. It is for the Legislature not the courts to change them.

HILL, J., concurs.

Judgment rendered for the plaintiff, without costs, in accordance with opinion.