THE PEOPLE of the State of New York, on the relation of Leverett S. Davis, *vs.* AARON H. THOMAS.

When the legislature devolves upon tnree justices the power of making an appointment to office, by warrant under their hands and seals, they cannot appoint one of their own number.

An individual cannot be the grantor and the grantee in the same warrant, which confers a public franchise. Hence an appointment, by a body authorized by statute to appoint, of one of their own number, is a mere nullity.

It is a principle of universal application, as well as of public decency, that a public trust committed to an individual by name shall not be discharged for his own benefit, or to promote his private interest.

Whether the *neglect* of the electors to fill a vacancy in the office of supervisor, under section 35 of article 3, title 3, chap. 11 of the first part of the revised statutes, where it occurs by reason of the omission of the clerk to give the requisite notice under section 34, is sufficient to justify an appointment by three justices ? *Quære.*

THE following are the facts out of which the present controversy arose. At the annual town meeting and election held in and for the town of Florence, in or about the month of March, 1859, for the purpose of electing the town officers of said town, the defendant was duly elected to the office of supervisor of said town, for the term of one year thence fol-

lowing, and he duly qualified therefor and entered upon the discharge of his. duties as such supervisor, and has continued to discharge the same till the present time. At the next annual town meeting and election held in and for said town, to wit, that held in or about the month of March, 1860, one Lewis Rider was duly elected to said office for the term of one year thence following, and duly notified of such election, but did not within ten days after such notification take and subscribe the oath of office required by the laws and constitution of the state of New York, or cause a certificate of his having taken such° oath to be filed with the clerk of the town of Florence within the time required by law. Whereupon, and within seven days from the expiration of the time prescribed for that purpose, more than twelve of the electors of said town of Florence, eligible to the office of supervisor of said town, delivered to the town clerk of said town a written application addressed to said clerk and signed by them, requesting him to call a special town meeting "for the purpose of filling such vacancy." Several other electors of said town, and in number more than twelve, orally requested said clerk not to call a special town meeting, but to leave the alleged vacancy in the office of supervisor of said town, to be filled by the justices of the peace of said town. The town clerk thereupon refused to call a special town meeting, and no special town meeting was held for the purpose aforesaid, and no election was held to supply the said alleged vacancy. Whereupon, and on receiving notice from the town clerk of the continuance of such alleged vacancy as aforesaid, and after the expiration of fifteen days from the occurrence of the alleged vacancy, to wit, on or about the 9th day of April, 1860, the four justices of the peace of said town of Florence, namely, John Ballard, Leverett S. Davis, Earl Vanderwarker and Thomas Smith, met for the purpose of supplying the same, in accordance with a notice to that effect from said town clerk, and claiming the right to do so under the provisions of article 3, title 3, chapter 2, part 1 of the revised

The People *v.* Thomas.

statutes, and the acts amending the same. The said justices proceeded to ballot for a person to fill the above mentioned office, but were unable to agree upon any one for that purpose, and accordingly adjourned their meeting to the following day. At the adjourned meeting, and on or about the 10th of April, 1860, after several ballotings, three of said justices, of whom the said Leverett S. Davis was one, agreed to appoint the plaintiff, Leverett S. Davis, to the office aforesaid, the fourth of said justices voting for another person and refusing to sign the warrant for such appointment. The said three justices then and there appointed said Davis by warrant under their hands and seals, to fill the office of supervisor of the town of Florence, and said warrant was by said justices caused on the same day to be filed in the office of the town clerk of said town, who thereupon gave notice thereof to said Davis. The said warrant was in the words and figures following, to wit:

"Town of Florence, ss. Whereas Lewis Rider, duly elected supervisor of said town at the annual town meeting held therein on the 6th day of March, 1860, has neglected to take the oath of office prescribed in the sixth article of the constitution of this state, and to file the same as the law directs, by reason whereof the said office has become vacant. Now therefore we, the undersigned, three of the justices of the peace of said town of Florence, in pursuance of the statute in such case made and provided, hereby appoint Leverett S. Davis supervisor of said town of Florence, to hold the said office until a successor be duly elected or appointed.

Given under our hands and seals this 10th day of April, 1860.  E. VANDERWARKER. [L. S.]
                                                  THOMAS SMITH.    [L. S.]
                                                  L. S. DAVIS.     [L. S.]"

On or about the 12th day of April, 1860, said Davis duly took and subscribed the oath of office prescribed by law, and on the same day the certificate thereof was duly filed in the town clerk's office of said town, and on the 13th day of April,

1860, notice was duly served on the defendant of the appointment as aforesaid, of the said Davis to the office of supervisor of said town.   The defendant refused and still refuses to surrender the office, claiming to hold over, on the ground that said Davis has not been duly and lawfully appointed or elected to said office.

Whereupon the parties hereto agreed to submit this controversy, without action, to be heard and determined by the supreme court, such hearing to be had in the first instance at a general term of said court.

*C. G. Myers,* (attorney general,) and *White & Lalor,* for the plaintiff.

*Conkling & Throop,* for the defendant.

*By the Court,* MORGAN, J.   The intention of the statute is plain that the vacancies specified in § 34  (1 *R. S.* 348,) should be filled by the electors, or at least that the clerk should give them an opportunity to fill them.   His neglect to give the notice is not the neglect of the electors.   It may be questionable whether the justices can take advantage of the neglect of the clerk, to fill a vacancy which the electors have had no opportunity to supply.   I do not think the statute intended to provide for any such default, although the language may compel the court to treat it as such.   But if there was a technical neglect of the electors to supply the vacancy within fifteen days, as contemplated by § 35, I do not think the appointment is good.

The statute requires the appointment to be by *warrant* under the hands and seals of *three* justices.   (1 *R. S.* 347, § 31.)   If the warrant was under the hands and seals of *two* instead of *three* justices, it would not be a good execution of the power of appointment.   It is not the case of a delegation of authority to three or more to do a corporate act; but the

The People *v.* Thomas.

specific mode of the execution of the power is pointed out and must be followed, to make it good.

It is held that a man cannot sell property to himself, nor can he sue himself. It is an absurdity, and no better reason is given for it. Nor can A. be the grantor and the grantee in the same deed. Such a deed is a nullity. If a man cannot be his own grantee in a deed of real estate, and if he cannot be the seller and buyer of his own property, how can he be the grantor and the grantee of a franchise ? Doubtless he may participate in the corporate action of a public body which results in an election or appointment of himself to office ; but this is quite a different thing. A corporation may dispose of its property to one of the corporators, but it will hardly be contended that when a deed is required to be executed by a particular person, in order to convey the property, it can run to himself.

The governor may confer an appointment in certain cases. Would it be tolerated that he could execute a commission to himself under such an authority ? The same answer would be given in all such cases, that *it is simply an absurdity.*

These three justices are the depositaries of a public trust, and it is a principle of universal application, as well as of public decency, that neither of them should be permitted to discharge it for his own benefit or to promote his private interest.

I am of the opinion that a judgment should be entered for the defendant, as he holds over in the event of a failure to elect or appoint his successor.

Judgment accordingly.

[ONONDAGA GENERAL TERM, January 2, 1861. *Allen, Mullin* and *Morgan,* Justices.]