STATE OF OREGON, *ex rel.*, A. ROSENHEIM, Appellant, *v.* HENRY
L. HOYT, Respondent.

*Appeal from Multnomah County.*

1. Rules of order adopted by a city council are binding upon that body.
2. The offices of city councilman and city marshal are incompatible, and cannot be held by one person.
3. It is contrary to the policy of the law for an officer to use his official appointing power to place himself in office.

THE relator Rosenheim complains of defendant Hoyt, that he, Rosenheim, on the 31st day of July, 1867, was duly elected marshal of the city of Portland, by the common council of said city; that he duly qualified as such officer, and offered to perform the duties of such office; and he complains that the defendant, Hoyt, unlawfully holds the office of marshal and unlawfully refuses to give up the books, papers and property belonging thereto.

The defendant, after denying the allegations in complaint, for a further answer says that in June, 1866, he was duly elected marshal of said city, and that he has held and exercised the duties of said office up to the time of said pretended election of the relator, and since; and says that said pretended election of relator is void, and he, Hoyt, holds over until his

successor is duly elected and qualified. He claims the election of relator is void because the said common council is composed of nine members; that the relator was at the time of such pretended election, and has ever since been a member thereof. That by the provisions of the charter of said city, it required five votes to elect a marshal for the city by the said council; and that the relator received but five votes, and that one of these votes was cast by himself. That at the time of said pretended election there was, among the rules of order adopted by said council for the government of its proceedings, one which prohibited a member of the council from voting on any question in which such member was immediately interested; which rule is as follows: "Every member, who shall be present when a question is put, shall vote for or against the same, unless he be immediately interested, in which case, he shall not vote." For which reason, Hoyt claims that said election of relator is void. He also claims that it is void, for the reason that said relator continued to act as a member of said common council at the time of his pretended qualification, and that he could not properly qualify as marshal while he remained a member of the council. To this defense, relator demurred, and the court overruled the demurrer, and the case comes into this court for trial on this same issue.

*Page & Chapman,* for appellant:

The right to the office depends upon the exercise by the common council of a legislative or political discretion, and the courts have no control over such discretion. (13 *Wend.,* 330; *Marbury* v. *Madison,* 1 *Cranch.,* 166–7; 1 *Curtis,* 380–1; *Charter, chapter* 10, *section* 139.)

The term of the office of marshal is determinable at the will of the council. (*Constitution, article* 15, *section* 2.)

An election or appointment annihilates the authority of the one holding at the pleasure of the appointing power. (*Bac. Abr., volume* 2, 472.)

The prohibition contained in *section* 30, *article* 4 *of the Constitution*, refers only to senators and representatives.

The council is the sole judge of the regularity of its elections, and alone prescribes their manner. (*Espinasse N. P.*, 337; *Bac. Abr.*, *volume* 2, 143; *Charter*, *sections* 32, 23, 34.)

Such election may be by ballot. (*Cons.*, *article* 2, *section* 15; *Espinasse N. P.*, 337.)

*Hill & Stout*, for respondent:

The common council is a legislative body, the creation of the legislature of the State, and can possess no power which that body does not possess. Congress is under a similar prohibition; and the common law is, that one having the power to appoint to an office cannot appoint himself. (*Charter*, *chapter* 5; *Constitution*, *article* 4, *section* 30; 7 *Bac. Abr.*, 313–14; 8 *Ibid.*, 60–1.)

Under the city charter, such an election would be contrary to public policy and justice. (*Charter*, *chapter* 2, *section* 8; *chapter* 3, *section* 22; *chapter* 7, *sections* 58, 71.)

Such election was illegal on general ground, as also under the charter and the rule cited. (*Rule of Order* 14.)

It was illegal to vote by ballot; and the yeas and nays should have been entered on the journal. (*Cons.*, *article* 2, *section* 15; *Charter*, *chapter* 3, *section* 26; *Ibid.*, 5, *section* 32.)

The council must first remove an incumbent for cause, before they can proceed to fill the office. Upon their right to remove: *Chapter* 2, *section* 8, *Charter.*

The offices of marshal and councilman are incompatible. (7 *Bac. Abr.*, 313; *Harrison's Dig.*, 3974.)

The action of the council is in violation of the spirit of our institutions.

BOISE, C. J. There can be no question but the relator, in voting for himself, violated the rule above quoted, and that, without his own vote, he would not have had a majority; and if such rule were binding on the council, then the election

would be a nullity.  We are of opinion that such rule was binding, and one seeking advantage from its violation, should not be permitted to gain by his own wrong.  As to the other point, that the offices of councilman and marshal are incompatible and cannot be held by the same person, we think admits of no question.  The marshal is the executive officer of the council, and has to settle his accounts for fees and services with that body; and it would not be competent for him to pass on his own accounts, and vote money out of the city treasury into his own pocket.  It is contrary to the policy of the law for an officer to prostitute his official position by using his official appointing power to place himself in office.

Judgment affirmed.