GARSIDE v. CITY OF COHOES et al.

*(Supreme Court, General Term, Third Department. November 26, 1890.)*

1. MUNICIPAL CORPORATIONS—ELECTION OF MAYOR—POWERS OF COUNCIL.
    The charter of the city of Cohoes provides that "the mayor and aldermen of the city shall constitute the common council thereof," and that the common council "shall be judge of the election and qualification of its own members." *Held*, that the common council was not the judge of the election of mayor, he not being one of their "own" members within the spirit or intent of the charter.

2. SAME—INJUNCTION.
    The fact that the common council had, over the veto of the mayor, ordered an investigation as to whether he had been duly elected, did not entitle him to a preliminary injunction restraining it from declaring and certifying a result of the investigation adverse to his rights, as such investigation could not be made the basis of any valid resolution to oust him from office.

Appeal from special term, Albany county.

Action by John Garside against the city of Cohoes, the common council of the city of Cohoes, John N. Haynes, and others. Plaintiff appeals from an order denying his motion to continue a preliminary injunction restraining the defendants "from declaring, determining, or adjudging that John Garside, the plaintiff, was not elected mayor of the city of Cohoes on April 8, 1890; and from certifying either to the city clerk of Cohoes or the county clerk of the county of Albany that plaintiff was not so elected; and from declaring, determining, or adjudging that T. Campbell Collin was elected mayor of said city at said election; and from certifying the same to the city clerk or the county clerk, or filing the same in the offices of either of said clerks; and from deposing the plaintiff from the office of mayor; and from conferring the functions, powers, and duties of such office upon the said Collin," the grounds for the injunction being the threats and intentions of the defendants to declare and adjudge that Garside was not, and that Collin was, elected mayor at the election held April 8, 1890. The order also required the defendants to show cause why the injunction should not be continued. At the charter election held in the city of Cohoes on the second Tuesday of April, 1890, the plaintiff and

T. Campbell Collin were candidates for election to the office of mayor. The inspectors of election in their respective wards at the close of the polls made and certified a statement of the votes cast for the candidates for the various city and ward offices, and delivered the several statements to the city clerk as required by section 9 of title 3 of the charter, (chapter 912, Laws 1869, amended by chapter 79, Laws 1872.) The city clerk delivered the statements to the common council, which body, as required by section 10 of the same title, at its meeting on the Tuesday following the election, and two adjourned meetings, the last being on April 19th, canvassed the said statements, and finding therefrom, that the plaintiff had received the greatest number of votes for the office of mayor, declared him elected, and made and filed proper certificates thereof, whereupon the plaintiff took and filed the oath of office, and entered upon its duties. Afterwards, and at an adjourned meeting of the common council held on the 21st day of April, 1890, the said T. Campbell Collin presented a petition, claiming to have been duly elected mayor, and praying the common council to make the proper investigation, and so declare. The common council thereupon, by its resolution, ordered an investigation to be made, and appointed a committee of its members to make it. The mayor, on the same day, vetoed the resolution. The next meeting of the common council was on April 29th. At that meeting the veto was not considered. Meantime the committee of investigation commenced its labors. This action was commenced May 6th. After it was commenced, on the evening of the same day, the common council, by a two-thirds vote, overruled the veto of the mayor. The plaintiff alleges, in substance, that the common council intend practically to oust him from his office and install Collin in his place, and that the investigation ordered is for that purpose.

The opinion of Mr. Justice EDWARDS, referred to below by Mr. Justice LEARNED, is as follows:

"A charter election was held in the city of Cohoes on April 8, 1890, at which the plaintiff was a candidate for mayor, of which office he was then the incumbent. On the face of the returns from the several election districts, it appeared that the plaintiff had been elected mayor. The common council, at a subsequent meeting, regularly held, upon returns made by duly-qualified inspectors of election and filed with the city clerk, determined and declared that the plaintiff had been duly elected to the office of mayor, at such election; made and subscribed certificates thereof in duplicate, as required by statute, one of which was filed with the city clerk, and entered in the book of records of his proceedings, and the other was filed with the clerk of the county of Albany. Thereupon the plaintiff took and filed the constitutional oath of office, and entered upon the performance of his duties as mayor. After the plaintiff had duly qualified as mayor, T. Campbell Collin, who had been his competitor, presented to the common council, which included four newly-elected aldermen in place of those whose terms had expired, a petition which alleged that the plaintiff's apparent majority of votes had been procured through frauds and irregularities, and that the petitioner had received a majority of the legal votes cast; that he contested the plaintiff's right to the office, and prayed for an investigation by the common council. The common council adopted a resolution referring the petition to a committee of three aldermen, and authorizing them to inquire into the various matters set forth in the petition. The committee have held several meetings, sworn witnesses, and taken testimony in respect to the matters referred to them, but the plaintiff has declined to appear before them either in person or by counsel. The plaintiff alleges that it is the intention of this committee and of the common council to unlawfully depose the plaintiff, and declare that Collin was elected mayor, and thereby usurp the functions of the plaintiff as mayor, and confer them upon his opponent. On this motion he asks for an injunction restraining the common council from determining and certifying.

that the plaintiff was not elected mayor, and from determining and certify-ing that Collin was elected mayor, and from deposing the plaintiff, and con-ferring the functions of mayor on Collin. The plaintiff does not ask for an injunction on the ground that the committee are illegally pursuing their in-vestigations, nor does he ask that the defendants, or the common council, be restrained from making such, or any, investigation, but that the defendants be enjoined from declaring and certifying a result of such investigation which shall be adverse to the plaintiff's rights. The right of the plaintiff to the relief sought on this application has been discussed by the learned coun-sel mainly on the theory that it depended upon the question of the power con-ferred upon the common council by the charter of the city of Cohoes, which provides that 'the mayor and aldermen of the city shall constitute the com-mon council thereof,' and that 'the common council shall be judge of the election and qualification of its own members.' But, if I correctly appre-hend the principle on which the determination of this motion must depend, the question as to the power of the common council to judge of the election of the mayor is not here involved. The preventive power of the court can-not be invoked, unless there be well-grounded apprehension of the commis-sion of an illegal act which will work serious or substantial injury to the plaintiff's rights. Courts will not interfere for the prevention of an illegal act merely because it is illegal. Nor will they interfere merely because an illegal act, about to be committed, will be an invasion of the plaintiff's rights. It must be such an invasion as will be attended by substantial and irreparable injury. These principles are so elementary as to need no citation of authorities. In the light of them, let us see whether there is any founda-tion for a temporary injunction.

"The plaintiff has been regularly invested, by the proper authorities, with all the insignia of the office of mayor. He has duly qualified, and is now in pos-session of the office performing its duties. This is unquestioned. He now claims that the common council are illegally engaged in an investigation of his rights to office, as a result of which they will illegally declare and certify that he was not, and that his opponent was, elected to the office of mayor of the city of Cohoes. Assuming the plaintiff's claim as to the intent of the common council to be correct, although it is disclaimed by defendants' coun-sel, it is difficult to see how his case is within any recognized basis on which an injunction can rest. He insists that the common council have no juris-diction to sit in judgment upon his right to office, and that any adjudication which they may make adverse to such right will be illegal. How, then, can their action produce a legal injury to him? I cannot conceive how he can be deposed by the illegal acts of the common council. His learned counsel contend, with much ability and vigor, that he is the chief executive officer of the city, and that the common council have no power to adjudicate upon the validity of his title. If this position is correct, surely no legal harm can come to him as a result of their determination. He cannot be deprived thereby of his office, or prevented from discharging its duties, and, as I have re-marked, the mere doing of an illegal act by the defendants, furnishes no ground for an injunction. It must be substantially injurious in its conse-quences to the plaintiff. The plaintiff's position involves this proposition: A person in the possession of an office, apparently clothed with the legal title to it, may invoke the aid and protection of the court to restrain a body of persons having no power in the premises from making a determination hos-tile to his title. Clearly this is untenable. Assuming, on the other hand, that the contention of the defendants' counsel is correct, that the plaintiff is a member of the common council and they are investigating in a legal man-ner his title to the office, with power to adjudicate upon its validity, then, without question, the court cannot restrain them from the exercise of their legitimate functions. It has frequently been said that courts should be very

slow to anticipate, by injunction, any illegal action of a municipal body, and their preventive power should never be put forth when such action can produce no serious injury.   The plaintiff's motion is premature.   He apprehends that he may be interfered with or obstructed in the performance of his official duties, but I think that the power of the court will be adequate to protect him in his legal rights, and against any illegal interference or obstruction, should the necessity therefor arise.   Solely for the reasons I have expressed, and without considering or expressing any opinion on the disputed question as to the power or legality of the acts of the council, or of any legal rights involved in the action, I am of the opinion that the motion for an injunction should be denied."

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*R. A. Parmenter* and *J. F. Crawford,* for appellant.   *M. Hale* and *G. H. Pitts,* for respondents.

LANDON, J.   The charter of the city of Cohoes provides that "the mayor and aldermen of the city shall constitute the common council thereof."   It also provides that the common council "shall be judge of the election and qualification of its own members."   If the common council is the judge of the election of the mayor, then the execution of the resolution of that body, directing such a preliminary investigation as would enable it to render the proper judgment, ought not to be enjoined by the court.   In such case the mayor's attempted veto would be invalid, since that power is given him to be used for public purposes, and not for his personal advantage.   The law, upon grounds of public policy, forbids him to act as an officer in a case in which his personal interest is presumed to be paramount to his sense of obligation to public duty.   There may be cases in which a rigid insistence upon such a rule in the case of executive officers would result in a suspension of needful governmental acts, and in such cases the rule must be relaxed.   *Foot* v. *Stiles,* 57 N. Y. 399.   But here the matter is between the people and the mayor, and it is better that the veto power, for once, be suspended, than that the mayor should decide the question in his own favor under the prostituting influence of personal interest.   *People* v. *Thomas,* 33 Barb. 287.   But we do not think the common council is the judge of the election of the mayor.   His membership of the common council is one of the least of the attributes of his office.   "He shall preside at all meetings of the common council, when present; shall only vote when there is a tie, but may submit propositions in the common council."   Charter, § 1, tit. 4, as amended by chapter 79, Laws 1872.   It will thus be seen that his active participation in the meetings of the common council is not strictly enjoined.   It is a privilege which he enjoys if his other duties will permit.   He is the chief executive officer of the city; has the general powers conferred by law upon mayors.   He shall take care that the charter and ordinances of the city are faithfully executed; has the power to veto any ordinance or resolution of the common council; shall execute all deeds, bonds, leases, contracts, licenses, and other papers, as the act of the city, when authorized by the common council.   It is his duty to suppress riots, to submit annually a report to the common council of the financial transactions of the city, (Charter, tit. 4;) he is *ex officio* a member with full voting powers of the board of health, (section 1, tit. 9,) the board of education, (section 3, tit. 4,) the board of water commissioners, (Id.,) the board of fire commissioners, (chapter 99, Laws 1879,) and the board of police commissioners, (chapter 692, Laws 1870.)

Though the power given to the common council to be judge of the election of its own members includes within its letter the election of mayor, yet it is not within its spirit or intent.   Following the American system, the executive and legislative departments of the city government are co-ordinate departments and fitted for the discharge of separate functions, although, to some extent, the mayor may participate in the legislative department, and the com-

mon council may, independently of the mayor, exercise specified executive and administrative functions. The mayor is the chief officer in power and dignity. He is vested with the veto power, not absolutely, but suspensively. By his veto, he checks, for a time, the action of the common council. He calls a halt, bids that body to take a fixed period for further consideration, and then to abandon their purpose unless it shall be supported by a vote of two-thirds of their number. He is in theory, and should be in fact, a conservative counterpoise upon the inconsiderate action of the common council. In this respect he is not one of their own members, but their superior, and it would be a lack of systematic proportion to vest in the aldermen the jurisdiction which the supreme court possesses to judge of the election of the mayor. He may be a member of the common council, but not one "of its own members" in the sense in which an alderman is. But it does not follow from these reasons that the injunction prayed for should be granted. The common council has only authorized an investigation. If the views we have expressed are correct, the common council cannot make the investigation the basis of any valid resolution to oust the mayor, and if it should refuse to recognize him upon the basis of any invalid resolution, it will then be timely to seek the aid of the court. Order affirmed, without costs.

MAYHAM, J., concurs.

LEARNED, P. J. The only question is whether an injunction pending the action should be granted. I think it should not, for the reasons stated by Mr. Justice EDWARDS in his opinion. Without expressing any opinion on the question whether the mayor is, or is not, a member of the common council, or on any of the disputed questions of right to office, I think this is not a case for an injunction. No such irreparable injury can be caused to the plaintiff by the investigation as would justify this remedy, especially pending the action. I therefore concur in the result of the within opinion.