People of the State of New York ex rel. George L. Shirey and Others, Relators, *v.* Isaac E. Pearson, Defendant.

Supreme Court, Cayuga County, June, 1923.

Public officers — quo warranto — power of town board to declare office of justice of peace vacant — eligibility of elected candidate — illegal designation by town board.

When a justice of the peace of the town whose term expired December 31, 1921, was defeated as a candidate for the same office at the general election held on November 8, 1921, the plaintiff at the same election was elected a justice of the peace of the same town to fill a vacancy caused by the death of one McG. *Held*, that the term of plaintiff commenced immediately upon his election and the town board had no right at a special meeting to declare the office vacant upon the ground of the ineligibility of plaintiff, and its attempted appointment of A. to fill the same vacancy in the office for the term expiring December 31, 1921, was void and A. had no right to act as a member of the town board.

On November 14, 1921, the supervisor, town clerk, the defendant and another justice of the peace held a special meeting of the town board and assumed to fill by appointment the vacancy in office which plaintiff had been elected to fill. The next day the town clerk filed the certificate of the election of plaintiff,

who qualified the same day. A. then attempted to qualify as justice and took his place as a member of the town board. The defendant's resignation as justice of the peace having been accepted, the vacancy caused thereby was filled by the appointment of S. and the resignation of another justice having also been accepted the defendant was appointed to succeed him. In an action of quo warranto to oust defendant from office, *held,* that at the meeting at which defendant claimed to have been appointed there were only two valid votes in his favor.

The design of the appointment of S. being to allow him to cast his vote for defendant was in violation of public policy and, therefore, defendant was not entitled to the office under his pretended appointment thereto, and a judgment of ouster directed by the court in favor of plaintiff was correct. While a motion for a new trial under section 552 was under consideration the trial justice died. *Held,* that a like motion thereafter made at Special Term will be denied.

MOTION by defendant for a new trial under section 552 of the Civil Practice Act.

*Carl Sherman,* attorney-general (*Frank C. Cushing* and *Hull Greenfield* of counsel), for plaintiff.

*Edwin W. Leary* (*Frank S. Coburn* and *Harry V. Clemens,* of counsel), for defendant.

CUNNINGHAM, J. This is a quo warranto action in which it is sought to have the defendant ousted from the office of justice of the peace of the town of Owasco. The action was tried before the late Mr. Justice Alverson and a jury and the court directed a verdict in favor of the plaintiff. A motion was made by defendant for a new trial and while this motion was under consideration Mr. Justice Alverson died. The defendant then made this motion at Special Term.

At the general election held on November 8, 1921, the relator George L. Shirey was elected to the office of justice of the peace of the town of Owasco to fill a vacancy caused by the death of James L. McGarr. At the same election the other relators were each elected to the office of justice of the peace in said town for a full term. The defendant who was a justice of the peace and whose term expired December 31, 1921, was a candidate at this election and was defeated.

On November 15, 1921, the town clerk filed a certificate certifying the election of the relator Shirey and on the same day relator qualified. On the day previous, November 14, 1921, the supervisor, the town clerk, the defendant and another justice of the peace, William M. Guppey, held a special meeting of the town board and assumed to fill the vacancy caused by the death of James L. McGarr by the appointment of Walter Adams to the office of justice of the peace. Adams then attempted to qualify

as justice and took his place as a member of the town board. The defendant then handed in his resignation as a justice of the peace, which was accepted, and the board then appointed one Leslie D. Swartz to fill the vacancy caused by the resignation of defendant. Swartz then qualified and took his place as a member of the town board. Thereupon Justice of the Peace Guppey handed in his resignation, which was accepted. The defendant was then appointed to succeed him. The defendant claims that he is entitled to hold office under this appointment.

The first question that arises is as to whether the town board, after the election of Shirey to succeed McGarr, had the right to temporarily fill the vacancy. The resolution appointing Adams provided that it was for the term of office expiring December 31, 1921. This was evidently done under the impression that Shirey did not take office until January 1, 1922. Defendant claims that, in any event, the town board had the right to fill this vacancy by the appointment of a person to hold office until the newly-elected official qualified.

The Constitution provides that a justice of the peace elected to fill a vacancy " shall hold for the residue of the unexpired term." Const. art. VI, § 17.

The term of a justice of the peace elected to fill a vacancy commences immediately after the election. *People* v. *Keeler*, 17 N. Y. 370; *Matter of Mitchell* v. *Prendergast*, 178 App. Div. 690; affd., 222 N. Y. 543.

There is no vacancy which may be filled when a person has been elected, whose term of office has commenced and who is ready to serve. *People* v. *Keeler, supra.*

Therefore, the town board, after the election of Shirey, had no power to fill the vacancy caused by the death of McGarr.

The defendant further claims that Shirey, at the time of his election, was not a resident of the town and was not eligible to election as justice of the peace and that, therefore, there had not been a valid election of a successor to McGarr and that, consequently, the appointment by the town board of a successor to McGarr was valid.

This raises a question as to whether the town board had the power to declare that a vacancy existed upon this ground. The town board has only ministerial or legislative powers and not judicial powers and may not pass upon the eligibility of a person who has been elected to office. *People ex rel. Sherwood* v. *Bd. Canvassers*, 129 N. Y. 360.

The legislative body of a town or municipality has no inherent power to inquire into the qualifications of its members. This

prerogative may be conferred upon it by statute. In the absence of statutory grant such board may not determine the eligibility of any member of it, but the authority to do so is vested in the courts. *People ex rel. Hatzel* v. *Hall*, 80 N. Y. 117; *People ex rel. Krulish* v. *Fornes*, 175 id. 114.

The town board, therefore, did not have the right to declare the office vacant upon the ground that Shirey was not eligible, as there is no statute permitting it to do so.

It follows that the attempted appointment of Adams to succeed McGarr was void and that he did not have the right to act as a member of the town board.

The defendant was appointed by the votes of the supervisor, the town clerk and Adams and Swartz, the justices of the peace who had been appointed that day.

The defendant, as a public official, could not vote to appoint himself to public office, if such vote were necessary to constitute the majority required to fill the vacancy. It would be contrary to public policy and public decency to permit him to do so. Mechem Pub. Off. § 112; *People* v. *Thomas*, 33 Barb. 287; *State of Oregon* v. *Hoyt*, 2 Ore. 246.

What the defendant could not do directly he will not be permitted to effect by subterfuge and stratagem. Swartz was appointed to succeed defendant with the intention of enabling him to vote for the appointment of defendant. The law will look beneath the forms employed to learn the purpose to be accomplished. The appointment of Swartz was designed to allow him to cast defendant's vote for defendant. The law will not suffer any such scheme to defeat its ends. If it were against public policy for defendant to vote for himself, that policy was violated by having another cast his vote in favor of his appointment.

It seems clear to me that at the meeting at which defendant claims to have been appointed to fill a vacancy there were only two valid votes in favor of his appointment. Even conceding that under section 131 of the Town Law four persons may constitute the town board, still it requires a majority thereof to make an appointment to office. Town Law, § 130; Gen. Const. Law, § 41.

It must be held that defendant was not entitled to the office of justice of the peace under the pretended appointment and that the judgment of ouster directed by the court was correct.

The complaint sets up that the defendant has unlawfully usurped the office of justice of the peace but does not set up the right of another person to hold such office. It was within the discretion of the attorney-general to bring the action in this form. Civ. Prac. Act, § 1211.

Shirey claims as successor to McGarr, defendant as successor to Guppey. Both are not demanding the same office. Therefore, the right of defendant to hold office may be passed upon without making it requisite to decide as to the title of Shirey. Consequently the right of Shirey to hold office is not determined in this action and it was proper for the court to refuse to receive evidence as to his qualification.

The defendant claims that Adams and Swartz are necessary parties to this action. Each was appointed for a term ending December 31, 1921. This action was commenced in April, 1922, and at that time such terms of office had expired and their alleged titles to office had ceased. The judgment in this action will not oust them from office as they do not claim to have held office at the time it was brought. Under the circumstances they are not necessary parties.

The motion is denied, with ten dollars costs and disbursements.

Ordered accordingly.