HON. ROBERT G. LYMAN County Attorney, Albany County
This is in response to your letter of January 27, 1976, wherein you ask for an opinion of the Attorney General as to whether or not the Albany County Legislature is authorized to appoint a County Legislator to the position of Commissioner of Public Works provided said Legislator resigned prior to his appointment. Local Law No. 5 of 1973 of the County of Albany providing for an Albany County Charter was enacted on November 7, 1973, having been submitted to the electors at the general election on said date, pursuant to subdivisions five and seven of section 33 of the Municipal Home Rule Law and having received the affirmative vote at said general election of a majority of the qualified electors of the County of Albany voting in (a) the cities of said county considered as a unit and (b) the towns of said county considered as a unit. Said Local Law was filed in the office of the Secretary of State December 4, 1973. The effective date of the Albany County Charter was on January 1, 1976, pursuant to provisions of Article XXIII, § 2301, contained therein.
Albany County Charter, Article VII, § 701, provides as follows:
 "There shall be a department of public works, headed by a commissioner of public works who shall be appointed on the basis of his experience and qualifications for the duties of the office. Such commissioner shall be appointed by and serve at the pleasure of the county legislature." (Emphasis supplied.)
We find no statute which would prevent the appointment of a county legislator to the position of commissioner of public works, but it is the general rule that a body having the power of appointment may not appoint one of its own members in the absence of precise statutory authority so to do (Macrum v. Hawkins,141 Misc. 358, affd. 235 App. Div. 370, revd. on other grounds261 N.Y. 193, rearg. den. 261 N.Y. 691; Wood v. Town ofWhitehall, 120 Misc. 124, affd. 206 App. Div. 786). It has been held particularly that a board of supervisors cannot appoint one of its members as an attorney to represent the county; that such appointment is contrary to good morals and public policy (Beebe
v. Supervisors of Sullivan County, 64 Hun 377, affd. on op. below 142 N.Y. 631).
Resignation of a member of the appointing authority, followed immediately by his appointment to another office at the hands of that authority, would be a subterfuge and, therefore, equally illegal (People ex. rel. Shirey v. Pearson, 121 Misc. 26, affd. 207 App. Div. 888).
In Wood v. Town of Whitehall, supra, it was decided that a town board could not appoint one of its members as a justice of the peace; that such appointment was contrary to public morals. Thereafter, by Laws of 1952, chapter 559, the Town Law was amended by adding the following sentence to Town Law, § 64(5):
 "A person, otherwise qualified, who is a member of the town board at the time the vacancy occurs may be appointed to fill the vacancy provided that he shall have resigned prior to such appointment."
We find no such provision in the County Law nor in the Albany County Charter.
In 1971 Atty. Gen. [Inf.] 96 and 1971 Atty. Gen. [Inf.] 103, we concluded that an appointing body may not appoint one of its members to a public office, but we also concluded that such legislative authority may be supplied by local law based on the provisions of Municipal Home Rule Law, § 10(1)(a), which provides:
 "1. In addition to powers granted in the constitution the statute of local governments or in any other law,
* * *
 "(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government * * * "a. A county, city, town or village:
 "(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees * * *." (Emphasis supplied.)
These provisions stem from the authority given the Legislature in New York State Constitution, Article IX, § 2(c)(1), which is contained in the "Bill of Rights for Local Governments."
We conclude that a member of the Albany County Legislature is not eligible to be appointed Commissioner of Public Works by said Legislature even if such member resigned from the Legislature prior to such appointment. However, the County of Albany is empowered to adopt a local law to authorize such appointment.