Argued July 25, reversed October 30, 1978

COLUMBIA COUNTY ADMINISTRATIVE SCHOOL
DISTRICT NO. 5 JOINT, *Respondent,*
*v.*
PRICHARD, *Appellant.*
(No. 23452, CA 10154)

585 P2d 701

Nicholas D. Zafiratos, Astoria, argued the cause for appellant. With him on the briefs was Zafiratos & Roman, Astoria.

Paul J. Jolma, Clatskanie, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

[ 643 ]

## SCHWAB, C. J.

The plaintiff school district (district) brought this declaratory judgment suit, seeking a declaration that the defendant could not lawfully serve as a member of the district school board (board) while an employe of the district, and seeking a decree requiring the defendant to elect between the two positions. The trial court granted the district the relief it sought. We reverse.

Defendant is employed by the district as a transportation supervisor. On April 19, 1977, he was elected to the district school board for a term commencing July 1, 1977. On May 17, 1977, the board adopted the following regulation:

> "No school district employee shall be a member of the district school board. This policy applies to existing situations."

The district relies on its regulation and on the common-law doctrine of "incompatibility" in arguing that the defendant cannot simultaneously be a district employe and a board member.

The doctrine of incompatibility has its source in judicial holdings from several jurisdictions, including Oregon, that certain offices are inherently inconsistent or in conflict with one another and cannot be simultaneously held by the same person. *See State of Oregon v. Hoyt,* 2 Or 246 (1867); and 3 McQuillin, Municipal Corporations, §§ 12.67, 12.67a (1973). That *judicial* doctrine does not purport to modify the *legislature's* power to establish the qualifications of public officers and employes. McQuillin, *supra,* § 12.67.

In 1974, the Oregon legislature enacted ORS 244.010(2), providing:

> "The Legislative Assembly recognizes that it is the policy of the state to have serving on many state and *local boards* and commissions state and local officials who may have potentially conflicting public responsibilities by virtue of their positions as *public officials* and also as members of the boards and commissions, *and declares it to be the policy of the state that the holding of*

[ 645 ]

*such offices does not constitute the holding of incompatible offices unless expressly stated in the enabling legislation."* (Emphasis supplied.)

ORS 244.020(9) defines "public official" as:

"* * * any person who is serving in a governmental capacity for the State of Oregon or any of its political subdivisions or *any other public body* of the state as an officer, *employe,* agent or otherwise, and irrespective of whether the person is compensated for such services." (Emphasis supplied.)

The composition of various types of Oregon school boards and the qualifications and procedures for election of their members are set out in detail in ORS chapters 330 to 334, inclusive. At the time of defendant's election, there was no statutory prohibition against employes of school districts serving on their boards.

Subsequent to defendant's election, Oregon Laws 1977, chapter 759, was enacted, and provides:

"SECTION 1. No person who is an employe of a school district shall be eligible to serve as a member of the district school board for the district by which the employe is employed.

"SECTION 2. Section 1 of this Act shall not apply to school district employes elected or appointed to a district school board prior to the effective date of this Act [July 26, 1977].

"* * * * *."

It is clear, and is conceded by the district, that section 1 (codified as ORS 331.085) is inapplicable to defendant because of the savings clause in section 2.

We conclude that, at the time of defendant's election to the district school board, no statutory provision disqualified him and ORS 244.010(2) expressly made the doctrine of incompatibility inapplicable to his simultaneous employment by the district and membership on its board.

We also conclude that the district's regulation purporting to prohibit its employes from serving on

the board could not lawfully have disqualified the defendant. As noted above, the qualifications of school board members are established by statute. In light of the legislature's occupation of the field, the district was powerless to prescribe additional qualifications. The pertinent statutes are devoid of any suggestion that school boards in Oregon have the power to establish or pass on the qualifications of their own members.

Reversed.