Hon. John L. Rizzo Genesee County Attorney
You request our opinion, as follows:
 1. Do you feel the opinion expressed in your opinion dated March 15, 1965, concerning section 6306 subdivision 1 of the Education Law remains valid?
 2. Would your opinion vary if the supervisor-trustee were a gubernatorial rather than a legislative appointment?
The informal opinion you mentioned is published in 1965 Op Atty Gen 79. In it we concluded that a county supervisor who is also a member of the board of trustees of a community college may vote on matters he participated in as a member of the college board of trustees, but only because Education Law § 6306 then provided, and still provides, in pertinent part:
 "§ 6306. Administration of community colleges — boards of trustees
 "1. Each community college, except in the city of New York, shall be administered by a board of trustees of nine members appointed for terms of nine years in annual rotation, except that initial appointments shall be made for terms of one to nine years respectively. Five members shall be appointed by the local legislative body or board, or other appropriate governing agency, one of whom may be a member of such local legislative body or board, or other appropriate governing agency, and four, from among persons residing in the sponsoring community, by the governor." (Emphasis added.)
In the absence of this specific statutory authorization, we would have said that the two offices were incompatible.
The leading case on compatibility of office is Peo. ex rel. Ryanv Green, 58 N.Y. 295 (1874), which provides, in part, commencing at page 304:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one, toward the incumbent of the other. * * * The offices must subordinate, one [to] the other and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law."
In an informal opinion addressed to Alexander J. Hersha, dated May 29, 1980, in commenting upon the above case, we stated:
 "The rule laid down in the case may be modified by statute, of course."
We see no reason to alter our 1965 opinion.
There is also the common law doctrine prohibiting self-appointment, under which a member of an appointing board may not be appointed by that board to an additional or another office. Beebe v Supervisors of SullivanCounty, 64 Hun 377 (3d Dept, 1892) unanimously affd on op below142 N.Y. 631 (1894); Wood v Town of Whitehall, 120 Misc. 124 (Sup Ct, Washington Co) unanimously affd on op below 206 App. Div. 786 (3d Dept, 1923); Peo. ex rel. Shirey v Pearson, 121 Misc. 26 (Sup Ct, Cayuga Co) affd without op 207 App. Div. 888 (4th Dept, 1923); Macrum v Hawkins,141 Misc. 358 (Sup Ct, Suffolk Co, 1931) affd 235 App. Div. 370 (2d Dept, 1933) revd on other grounds 261 N.Y. 193 rearg den 261 N.Y. 691
(1933).
Quite obviously, Education Law § 6306 subd 1 modifies these rules to the extent specifically mentioned, i.e., so as to allow one member of the local legislative body or board to be appointed by that body to the community college board of trustees. These modifications of the rules operate only in relation to one of the five community college trustees appointed by the local legislative body or board, not to any of the four trustees appointed by the Governor.
In our opinion, a local legislative body or board may appoint one of its members as a community college trustee and that individual may act on both boards; any other appointment by a legislative body or board of one of its members as a community college trustee would be void; an appointment by the Governor of a member of a local legislative body or board to be a community college trustee would result in the appointee vacating his office on the legislative body or board if the appointment as trustee is accepted, because holding both offices would be incompatible.