Edward W. Doyle, Esq. Town Attorney, Philipstown
You have asked whether a town Recreation Commission may employ one of its own members as Assistant to the Recreation Superintendent if the individual resigns from the commission to accept the appointment. Second, you inquire whether the Recreation Commission may employ a former commissioner to this position, even though a majority of the commissioners serving at the time of such hiring previously served as commissioners with the individual being employed.
The facts as related in your letter indicate that the subject commissioner arrived at a meeting of the Recreation Commission after action was taken to employ her as Assistant to the Recreation Superintendent and that she tendered her resignation as a commissioner at that meeting. The primary authority on the question whether a board may appoint one of its own members to a public office is Wood v Town ofWhitehall, 120 Misc. 124 (Sup Ct, Washington Co, 1923), affd206 App. Div. 786 (3d Dept, 1923) (cited in Macrum v Hawkins, 261 N.Y. 193
[1933], and in Matter of Brenner v Vines, 35 A.D.2d 536 [2d Dept, 1970]). In Whitehall the appointee participated in the vote on his appointment, but his vote was not necessary to constitute the majority required to effectuate the appointment. The court decided that it would be contrary to public policy and the general welfare to uphold such an appointment.
 "When public officers, such as the members of a town board, are vested by the legislature with power of appointment to office, a genuine responsibility is imposed. It must be exercised impartially, with freedom from a suspicion of taint or bias which may be against the public interest. An appointing board cannot absolve itself from the charge of ulterior motives when it appoints one of its own members to an office. It cannot make any difference whether or not his own vote was necessary to the appointment. The opportunity improperly to influence the other members of the board is there. No one can say in a given case that the opportunity is or is not exercised. What influenced the other members to vote as they did, no one knows except themselves. Were their motives proper, based solely on the fitness of the appointee? They may have been. Were they improper, based on the promise or expectation of reciprocal favors?" (Id.,
p 125.)
As a second reason, the court indicated that such an appointment is tantamount to the board appointing itself to the office, which the court characterized as an undesirable result.
 "If the board appoints one of its own members it appoints itself, or a part of itself. It cannot be material whether the part of the board appointed participates in the act of appointment. It is still the act of the board, and as the appointee is a member of it, the board appoints a part of itself the same as if he had actively aided. His own participation cannot matter." (Id., p 126.)
Thus, it is clear that Whitehall voids the appointment by a board of one of its present members and that the appointment is void whether or not the appointee participated in the vote. Membership on the appointing board is what voids the appointment. It is the opportunity improperly to influence other members of the appointing body, which has been charged with a governmental responsibility to be exercised in furtherance of the public trust, which directs this result. This opportunity is present whether or not the appointee participates in the vote. Further, irrespective of whether the appointee participated, he remains a member of the board, and therefore, the board would in effect be appointing itself to a public office.
We do not believe it matters that the appointment is to a position of employment as in the case of this inquiry rather than to a public office. The public policy considerations are the same (see Beebe v TheBoard of Supervisors of Sullivan County, 19 NYS 629 [3d Dept, 1892], affd on opn below 142 N.Y. 631 [1894]). Thus, we conclude in response to your first question that the appointment by the Recreation Commission of a member of the commission to a position of employment would be void.*
The fact that the commissioner resigns from the commission subsequent to the hiring to accept employment makes no difference, since the appointment was void at its inception.
Your second question is whether a Recreation Commission may employ a former commissioner as Assistant to the Recreation Superintendent if a majority of the commission served as commissioners with the individual to be employed. As was indicated in answering the first question, theWhitehall case voids the appointment by a board of a member of that board to a public office or position of employment. It does not void the appointment of a former board member (Matter of Valentin v Simon,98 Misc.2d 5 [Sup Ct, Spec Term, New York Co, 1979]). One might envision a situation where the evil sought to be prevented by the court inWhitehall would be present in the appointment of a former board member to a position. This would be the case where, prior to the appointment and when the prospective appointee is still a member of the appointing board, the board decides to make the appointment at some future date. Although the board member resigns prior to the appointment, a court might view this as a subterfuge to avoid the common law rule. The opportunity improperly to influence the board would be present since the appointee was a member of the board at the time the course of future action was mapped out.
In several opinions of this office, we concluded that the resignation of a member of a board followed immediately by the appointment by the board of that individual to another position is void (1965 Op Atty Gen [Inf] 63; 1971 Op Atty Gen [Inf] 103; 1976 Op Atty Gen [Inf] 116). The circumstances of resignation followed by immediate appointment create an appearance of improperity or bias. The two later opinions while also citing Whitehall rely also upon People ex rel. Shirey v Pearson,121 Misc. 26 (Sup Ct, Cayuga Co, 1923) affd 207 App. Div. 888 (4th Dept, 1923). Shirey establishes a rule on appointments that is different from the one established by Whitehall. The decision in Shirey was based upon the principle that a public official may not vote to appoint himself to public office, if such vote is necessary to constitute the majority required to fill the position. Thus, the court decided that where a board member resigns with the intention that his successor on the board cast a vote in favor of his appointment, and where the vote was necessary for the appointment, the law will look behind this subterfuge to void the appointment. As was previously stated, we believe the Whitehall rule that membership of the appointee on the appointing board voids the appointment whether or not the appointee's vote was needed to appoint, is the preferred expression of public policy. However, we note that the basis for the holding in Shirey is analogous to the unique circumstances we previously described as a basis for extending the reach of Whitehall. However, in our opinion, the naked fact that a majority of the appointing board previously served on the board with the appointee is not, without additional unique circumstances such as described above, sufficient to void the appointment.
The facts, as indicated by your letter, are as follows. In May of 1982 with five positions on the seven member Recreation Commission filled, four members voted to appoint the fifth member of the board to the position of assistant to the superintendent. The appointee resigned from the Recreation Commission subsequent to the appointment. The validity of this appointment was questioned and the appointee resigned. Your question is whether with all seven positions on the Recreation Commission filled and including the four members who voted to make the above-referenced appointment in May of 1982, the board may now appoint to the position of assistant to the superintendent the same individual appointed to that position in May of 1982.
We have expressed the view that the naked fact that a majority of the appointing board previously served on the board with the appointee is not, without additional relevant circumstances, sufficient to void the appointment. Under the above-stated facts, additional relevant circumstances exist in this case. In May of 1982, a majority of the current board voted to make the appointment referred to above. Under theWhitehall rule, that appointment of a board member was invalid. We believe that the original invalid appointment taints the proposed appointment of the same individual by the current board, which includes the four members making the original appointment. The Whitehall rule was designed to remove even an appearance of bias or impropriety. We believe that the appearance of bias or impropriety inherent in the original appointment carries over to the proposed appointment. Thus, it is our belief that such action would be invalid.
We conclude that a town Recreation Commission may not appoint one of its members as Assistant to the Recreation Superintendent. The employment of a former commissioner to such position is not void only because a majority of the commissioners serving at the time of such appointment previously served as commissioners with the individual being employed. However, in the latter case, additional circumstances may work to void the appointment.
* If the position were in the competitive class of the civil service, the appointment would be made after competitive examination and under the provisions of the Civil Service Law. Arguably, this would remove the disabilities considered by the court in Whitehall. However, if membership on the appointing board is incompatible with the position of employment, for example because one position is subordinate to the other, the individual may have to resign from the board to accept the position of employment. This is a subsidiary aspect of the doctrine of compatibility of office (Op Atty Gen [Inf] 82-15).