John L. Kirkpatrick, Esq. Village Attorney, Fort Plain
You have asked whether an appointment that has been voided by the common law rule established by Wood v Town of Whitehall, 120 Misc. 124 (Sup Ct, Washington Co, 1923), affd 206 App. Div. 786 (3d Dept, 1923), may be remedied by resignation and reappointment of the officeholder.
You informed us that the board of trustees of your village appointed the mayor to the position of administrator of the village housing agency. Because the mayor was a member of the appointing body at the time of the appointment, under the rule of the Whitehall case the appointment was void. The Court decided that it would be contrary to public policy and the general welfare to uphold such an appointment:
 "When public officers, such as the members of a town board, are vested by the legislature with power of appointment to office, a genuine responsibility is imposed. It must be exercised impartially, with freedom from a suspicion of taint or bias which may be against the public interest. An appointing board cannot absolve itself from the charge of ulterior motives when it appoints one of its own members to an office. It cannot make any difference whether or not his own vote was necessary to the appointment. The opportunity improperly to influence the other members of the board is there. No one can say in a given case that the opportunity is or is not exercised. What influenced the other members to vote as they did, no one knows except themselves. Were their motives proper, based solely on the fitness of the appointee? They may have been. Were they improper, based on the promise or expectation of reciprocal favors?" (Id.,
p 125.)
As a second reason, the Court indicated that such an appointment is tantamount to the board appointing itself to the office, which was characterized as an undesirable result (id., p 126).
First, you ask whether the individual holding these two positions may resign from his position as mayor and legally retain the administrator's position. The appointment was void when made because of the mayor's membership on the appointing body at the time of the appointment. Thus, subsequent resignation from his position as mayor cannot cure the defect.
Second, you ask whether this person can resign from his position as mayor and subsequently be appointed by the board of trustees as administrator of the village housing agency. The Whitehall case voids the appointment by a board of a member of that board to a public office or position of employment. It does not void the appointment of a former board member (Matter of Valentin v Simon, 98 Misc.2d 5 [Sup Ct, Spec Term, New York Co, 1979]). One might envision a situation where the evil sought to be prevented by the Court in Whitehall would be present in the appointment of a former board member to a position. This would be the case where, prior to the appointment and when the prospective appointee is still a member of the appointing board, the board decides to make the appointment at some future date. Although the board member resigns prior to the appointment, a court might view this as a subterfuge to avoid the common law rule. The opportunity improperly to influence the board would be present because the appointee was a member of the board at the time the course of future action was mapped out.
In several opinions of this office, we concluded that the resignation of a member of a board followed immediately by the appointment by the board of that individual to another position is void (1965 Op Atty Gen [Inf] 63; 1971 Op Atty Gen [Inf] 103; 1976 Op Atty Gen [Inf] 116). The circumstances of resignation followed by immediate appointment create an appearance of impropriety or bias. The two later opinions, while citingWhitehall, rely also upon People ex rel. Shirey v Pearson, 121 Misc. 26
(Sup Ct, Cayuga Co, 1923), affd 207 App. Div. 888 (4th Dept, 1923).Shirey establishes a rule on appointments that is different from the one established by Whitehall. The decision in Shirey was based upon the principle that a public official may not vote to appoint himself to public office, if such vote is necessary to constitute the majority required to fill the position. Thus, the Court decided that where a board member resigns with the intention that his successor on the board cast a vote in favor of his appointment, and where the vote was necessary for the appointment, the law will look behind this subterfuge to void the appointment. As was previously stated, we believe the Whitehall rule, that membership of the appointee on the appointing board voids the appointment whether or not the appointee's vote was needed to appoint, is the preferred expression of public policy. The remainder of the holding inShirey, however, is analogous to the unique circumstances we previously described as a basis for extending the reach of Whitehall to cover a former member of the appointing body. In our opinion, the naked fact that a majority of the appointing board previously served on the board with the appointee is not, without additional unique circumstances such as described above, sufficient to void the appointment.
We conclude that an appointment voided by the rule established by Wood vTown of Whitehall cannot be remedied by the subsequent resignation of the appointee from the appointing body. Resignation from the appointing body, followed by reappointment, may be proper depending upon the facts and circumstances.