In the Matter of the Application of BEMSLEY WILLIAMSON, Petitioner, for an Order of Mandamus against FELIX CORSCADDEN, as County Treasurer of the County of Albany, N. Y., and VICTOR STURGESS, as Collector of the Town of Knox, Albany County, N. Y., Respondent.*

Supreme Court, Albany County, February 13, 1932.

· *Borden H. Mills*, for the petitioner.

*Walter L. Collins*, for the respondent Corscadden.

*John F. O'Brien*, for the respondent Sturgess.

STALEY, J. The petitioner was duly appointed supervisor of the town of Knox on January 2, 1930, pursuant to section 130 of the Town Law (as amd. by Laws of 1921, chap. 448).

The statute conferring the power of appointment provides that the person so appointed " shall hold the office until the next biennial town meeting."

The biennial town meeting following the petitioner's appointment was held on November 3, 1931. The return of this election as canvassed by the town board of canvassers has resulted in a tie vote, and no person has been certified as being elected to the office of supervisor at such town election. No person has been appointed since such election.

Under such circumstances, is the petitioner entitled to exercise the powers and duties of that office until such time as a successor has been appointed or declared elected and qualified?

Every officer having duly entered upon the duties of his office shall hold over and continue to discharge the duties of his office,

---

* See, also, *Matter of Baker* (233 App. Div. 482).

after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified. (Public Officers Law, § 5.)

The petitioner was duly appointed and entered upon the duties of supervisor. The term of office under his appointment has expired but no successor has been chosen. Clearly he is entitled to continue to discharge the duties of that office until his incumbency has been terminated by a legally chosen and qualified successor.

Orders may be entered in each of the above proceedings granting the applications for peremptory orders of mandamus. The command in the order in the proceeding against respondent Sturgess may provide, however, that he comply therewith to the extent of moneys actually collected, and as and when collected, under the warrant of the board of supervisors for the collection and disposition of tax moneys for the town of Knox.