## (January 31, 1956)

■ In the Matter of HENRY P. FURK, Petitioner, against BOARD OF SUPERVISORS OF THE COUNTY OF SULLIVAN, Respondent, and AUGUST MERKENSCHLAGER, Appellant. In the Matter of AUGUST MERKENSCHLAGER, Appellant, against JOSHUA BOUCHER et al., Individually and as Members of the Town Board of the Town of Cochecton, Sullivan County, et al., Respondents.— This is an appeal from an order of the Supreme Court at Special Term, Sullivan County, which directed the Board of Supervisors of Sullivan County to seat the petitioner Furk as a supervisor from the town of Cochecton in that county, and denied petitioner Merkenschlager's petition to review the action of the town board of Cochecton in appointing Furk as supervisor. The two proceedings in which the order was made were brought under article 78 of the Civil Practice Act. Both individuals named were candidates for the office of supervisor at the general election held on November 8, 1955. The contest resulted in a tie vote. Merkenschlager was then the incumbent in office and his term did not expire until December 31, 1955. On January 3, 1956, the town board of Cochecton appoined Furk as supervisor to fill the vacancy alleged to exist, and to hold the office until January 1, 1957. No question is raised as to the technical authenticity of such an appointment. Appellant's position is that since Merkenschlager was a holdover in office, under the provisions of section 5 of the Public Officers Law, that no vacancy existed and hence the town board was without appointive power; that the incumbent held over until his successor was chosen at the next general election, or at a special election if one was called by the Governor. The Special Term rejected this argument and we think properly so. It is true that section 5 of the Public Officers Law provides for an incumbent in office to hold over until his successor is chosen, but the section also contains this significant language " but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor ". We do not think that the phrase " choosing his successor " refers solely to the elective method and excludes appointment. This is the crux of the case. Dictum in *People ex rel. Mitchell* v. *Sohmer* (209 N. Y. 151) supports the view we have expressed. The court there (p. 155), speaking of section 5 of the Public Officers Law, said in part: " It intended that the office be deemed vacant in every respect so far as it relates to a new incumbent as fully as if the provision for a holdover had not been therein included." Aside from this, whatever authority there is on the general issue is against appellant's position (*Matter of Smith,* 116 App. Div. 665; *Matter of Williamson* v. *Corscadden,* 143 Misc. 249; 48 N. Y. St. Dept. Rep. 712, 734). Order unanimously affirmed, without costs. Permission to appeal to the Court of Appeals granted and this court certifies that in its opinion questions of law are involved that ought to be reviewed by the Court of Appeals. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.

## FOURTH DEPARTMENT, JANUARY, 1956

## (January 4, 1956)

■ In the Matter of the Accounting of LEONA S. HOWLETT, as Executrix of HARRY W. HOWLETT, Deceased, Respondent. S. J. REYNOLDS, Appellant.— Appeal dismissed, without costs upon stipulation.

■ ALFRED CANNIZZARO, Appellant, v. CONTINENTAL BAKING CO., Respondent.— Appeal dismissed, without costs upon stipulation.